[Crim. No. 757.  In Bank.—December 16, 1901.]

## THE PEOPLE, Respondent, v. ISAAC DAILY, Appellant.

CRIMINAL LAW—HOMICIDE—DEFENSE OF INSANITY—APPEAL—SUPPORT OF VERDICT.—Where a defendant charged with murder is found guilty of murder in the first degree, a claim that he should have been acquitted, on the ground of insanity, will not be allowed upon appeal, where there is no doubt of his guilt, if he were not insane at the time of the homicide, and the evidence as to his sanity was not so entirely insufficient as to warrant this court in disturbing the verdict.

ID.—INSTRUCTIONS—INSANITY—INTOXICATION.—Instructions given which correctly stated the law as to insanity and intoxication, and which were applicable to the evidence in the case, were not exceptionable.

ID.—EVIDENCE—QUALIFICATION OF YOUNG BOY TO TESTIFY—QUESTION FOR TRIAL COURT.—The qualification of a boy nine years of age to testify as a witness for the prosecution was a question for the trial court, which had the boy before it, and its determination will not be disturbed where there is nothing to show any error or abuse of discretion.

ID.—CONVERSATION BETWEEN DEFENDANT AND DECEASED.—Evidence is admissible to show a conversation between the defendant and the deceased shortly before the homicide; and the fact that there had been some prior conversations which the witness had not heard cannot affect the admissibility of his testimony, and can only go to its weight.

ID.—MISCONDUCT—ARGUMENT OF DISTRICT ATTORNEY—"PRESENT SANITY" OF DEFENDANT.—It was not misconduct for the prosecuting attorney to allude, in his closing argument upon the question of insanity, to the "present sanity" of the defendant, which was not disputed.

ID.—REMARKS OF COURT NOT PREJUDICIAL—QUESTION AS TO DEFENDANT'S INSANITY—ALLUSION TO DATE OF "CRIME."—The remarks of the court, in response to a request of defendant's attorney for leave to reply upon the question of defendant's "present sanity," that the question was as to defendant's insanity at the time of the homicide, and the jury would be so instructed, and that "the question whether he was sane now or not was only matter of argument as to what was his condition of mind at the time of the commission of the crime," were not prejudicial to the defendant, where the use of the word "crime" was not objected to, and the jury would evidently understand it as merely fixing a date, and not as intimating an opinion as to the defendant's guilt.

APPEAL from a judgment of the Superior Court of Kings County and from an order denying a new trial. M. L. Short, Judge.

The facts are stated in the opinion of the court.

Cosper & Brown, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

McFARLAND, J.—The defendant was charged with the murder of one Lemuel Metts, and was convicted of murder in the first degree, and sentenced to suffer the penalty of death. He appeals from the judgment and from an order denying a motion for a new trial.

There is really no doubt of appellant's guilt, if he was not insane at the time of the homicide; and the main contention of his counsel is, that the jury should have acquitted him on the ground of insanity. It would be useless to review the evidence here; and it is enough to say that it was not so entirely insufficient as to warrant us in disturbing the verdict.

There are some exceptions to rulings of the court. They are referred to very concisely in appellant's brief; and the reference to some of them is so meager that the labor is thrown on the court of exploring the transcript to discover what the nature of the alleged error is; as, for instance, "Proposed instructions marked 'B,' 'C,' and 'D' (Tr., fols. 606 to 608) correctly state the law of the case, and the court's refusal to give them is assigned as error." However, we have examined the various parts of the transcript referred to as showing errors, and find that most of them concern matters too trivial to be of any importance or to need special mention. A few of them will be noticed.

The exceptions to instructions XLVII, XLVIII, and XLIX are not well taken. They are correct statements of the law as to insanity and intoxication,—as appellant admits them to be, in the abstract,—and they were applicable to the evidence in the case. The proposed instructions "B," "C," and "D," asked by appellant, were properly refused by the court. The testimony of the boy Homer Dahnken, nine years old, was admitted over appellant's objection that he was too young to

testify; but that was a question for the trial court, who had the boy before it, to determine, and there is nothing to show that there was any error or abuse of discretion in the premises. It was not error to admit the testimony of the witness Leavens as to a conversation which he heard between the appellant and the deceased shortly before the homicide. The fact that there had been some prior conversations which the witness had not heard might affect the weight of the testimony, but not its admissibility. There is nothing in the objection to the testimony of the witness Buckner.

The points as to misconduct of the district attorney and the court are not well taken. It appears that in the concluding argument for the prosecution there was an allusion to the fact that the appellant was then admittedly sane. No objection was made at the time; but after the district attorney had finished his argument, appellant's counsel asked leave to reply to what had been said as to appellant's present insanity. Some conversation then took place between court and counsel, in which the court said that the question was as to appellant's insanity at the time of the homicide, and the jury would be so instructed, and that allusions to his state of mind before and after that time were only arguments; and finally counsel for appellant said, ''And the question whether he is sane now or not is not an issue?''—to which the court replied, ''It is only a matter of argument, as to what his condition of mind was at the time of the commission of the crime.'' There was no objection then made to this language of the court; but it is argued here now that the use of the word ''crime'' was improper and prejudicial to the appellant. It is quite apparent, however, that the jury must have understood the judge as using this word merely for the purpose of fixing a date, and not as intimating any opinion as to appellant's guilt. This is clear from the whole conversation between court and counsel on the subject, and from all the instructions given. The fact that appellant killed the deceased under such circumstances that the homicide was murder, unless he was at the time insane, was undisputed. The entire defense was insanity; and the record shows no intimation of the opinion of the judge on that subject. Of course, a court should be careful to use no word that could be construed by the jury into an opinion of a defendant's guilt; but in the case at bar the context shows

clearly that the use of the word now objected to was without any prejudice to the appellant.

The judgment and order appealed from are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J., Temple, J., Henshaw, J., and Beatty, C. J., concurred.