[Crim. No. 1548.   First Appellate District, Division Two.—December
30, 1929.]

THE PEOPLE, Respondent, v. GEORGE W. TIBBETTS,
Appellant.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was convicted of violating section 288 of the Penal Code. He made a motion for a new trial, his motion was denied, and from the judgment of conviction and the order denying a new trial he has appealed.

1. The defendant contends that the evidence was insufficient to support the verdict. In making this contention he claims that the witnesses swore falsely as to some matters and that some of the sworn statements were inherently improbable. For the purpose of this decision it may be conceded that both assertions are well founded. However, as to other matters it is equally clear that the prosecution introduced evidence which abundantly supported every allegation contained in the information.

2. It is claimed that the prosecutrix, a little girl eight years of age, should not have been allowed to testify. (Code Civ. Proc., sec. 1880, subd. 2.) The record discloses that the trial court carefully examined her as to her mental development and the record does not show that the trial court erred in its determination that she was entitled to be sworn. The point is without merit. (*People* v. *Reyes,* ⸴ Cal. 650, 651 [229 Pac. 947].)

3. When the jury was being selected th⸀ ant's attorney asked each of several jurors thi⸀ ''Would you follow this instruction if the court should instruct you, that it would only be necessary *for the de-*

*fendant to establish evidence sufficient* to raise a reasonable doubt in your mind as to the truth of the charge in the information, upon which it would be your duty to return a verdict of not guilty?'' (Italics ours.) The prosecution interposed an objection, the objection was sustained and the defendant claims that the ruling was error. It was not. (Pen. Code, sec. 1096.)

4. The selecting of a jury commenced in the morning. Some of the talesmen present were examined during the morning session. At the afternoon session some other talesmen who were on the panel came forward and their names were put in the box and thereupon the attorney for the defendant inquired if those persons were members of the panel. He was advised that they were and the reason why their names were not in the box during the morning. Thereupon the attorney for the defendant requested that a new panel be drawn because the defense was using ten peremptory challenges without a full panel. The motion was denied. The attorney then made an objection to the names going into the box. The objection was overruled. He then asked the court to discharge the panel. The motion was denied. We see no error in any one of the rulings. The defendant cites no authorities and presents no argument showing that there was any error committed.

5. The defendant offered a proposed instruction worded the same as the question mentioned above in division three. It was refused and he claims the refusal was error. As we have pointed out above, it was not sound law. The court did not err in refusing to give it. A correct instruction on the same subject was given.

The defendant proposed an instruction on the subject of the effect of a variation between the spelling of the defendant's name, Tibbetts, and the spelling of the name in a judgment of a prior conviction, Tibbits. It was complex, argumentative and did not correctly state the law. Moreover, it omitted material facts and was not pertinent to the evidence introduced. The prosecution did not rely on any presumption, but called a witness who testified that this defendant is the same individual who was on trial in the former action in which the judgment of prior conviction was rendered.

The defendant tendered an instruction to the effect that the law applicable to photographs was the same as that applicable to finger-prints. There had been no evidence on the subject of finger-prints and the law applicable to finger-prints had not been stated in any instruction. If the requested instruction had been given it would not have helped the jury.

The trial court gave an instruction as to the powers of the jury in weighing evidence and drawing conclusions. In the instruction it used the expression "testimony offered." The defendant asserts that the jury was told that it could consider testimony offered but not admitted. Nothing on the face of the instruction warrants that interpretation and when all of the instructions are read together it is clear no error was committed.

The trial court gave an instruction on circumstantial evidence. The defendant claims that the trial court used the word "should" when the proper word was "must." As the case did not rest on circumstantial evidence, it is clear that the error, if any, was not prejudicial.

6. It is claimed that the trial court erred in admitting in evidence a certified copy of the judgment of conviction of George Tibbits. As this defendant spells his name Tibbetts, it is claimed that the prior judgment was not against this defendant. However, as shown above, there was other evidence which showed identity of persons.

7. It is contended that the district attorney was guilty of misconduct. In this connection the defendant specifies that in open court the district attorney called the defendant's attorney a liar. The record shows that when that statement was made the court reprimanded the district attorney and instructed the jury to disregard the statement and "pay no attention to it whatever." Bearing this fact in mind, it does not appear that the rights of the defendant were prejudiced.

8. The defendant contends that the trial court erred in denying his motion for a new trial because judgment had not been pronounced in time. (Pen. Code, sec. 1191.) When the case went to trial the defendant had of record three pleas. One, not guilty of the offense charged; two, not guilty of the offense charged because he was insane at the time he is alleged to have committed the unlawful act;

and three, a denial that he had suffered said prior conviction. The trial was had on the first and third pleas. The verdict was returned May 2, 1929. After the jury was dismissed the court ordered the cause set for trial, as to the issue of sanity, on May 13, 1929. On the latter date the defendant withdrew the plea of insanity. Thereupon he was arraigned for judgment. The defendant interposed a motion for a new trial. One of the grounds of the motion was that judgment was not pronounced against him within five days after the verdict. Under the facts stated the trial court did not err in denying the motion. .(*People* v. *Leong Fook*, 206 Cal. 64 [273 Pac. 779].)

9. The defendant's brief specifies forty errors and the defendant claims that there are many more. We have treated every point that was properly presented and have treated some that were not properly presented. Some of the assignments contain from two to fifteen alleged errors. All of the assignments not treated were improperly presented. The defendant did not point out clearly or concisely the rulings complained of as erroneous and the reasons why they were erroneous, nor refer to authorities supporting him. Under these circumstances the court is not called upon to consider the points. (*People* v. *Morales*, 77 Cal. App. 483, 486, 487 [247 Pac. 221].)

We find no error in the record. The judgment and order are affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 14, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 27, 1930.

All the Justices present concurred.