[Crim. No. 2004. Second Appellate District, Division Two.—February 24, 1931.]

THE PEOPLE, Respondent, v. JESS J. WALKER, Appellant.

Frederic H. Vercoe, Public Defender, and Franklin Padan, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

WORKS, P. J.—Defendant was convicted upon a charge of violating the provisions of section 288 of the Penal Code by committing a lewd and lascivious act upon the person of a little girl. He appeals from the judgment and from an order of the trial court denying his motion for a new trial.

The alleged victim of appellant was five years of age on April 30th, it was charged in the information that appellant committed the crime upon her on May 16th, and the trial of the charge commenced on August 5th, all in 1930. It is provided by section 1880 of the Code of Civil Procedure that "children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly", cannot be witnesses. The little girl in question here was tendered as a witness, the trial judge subjected her to what we cannot but regard as a perfunctory ·examination in order to determine whether she rested under either of the disabilities mentioned in the statute, and at the end of the examination he concluded that she did not and permitted her to testify. It is now contended that the court erred in allowing her story to go to the jury.

This identical question received a most thorough consideration at our hands nearly ten years ago in *People* v. *Delaney*, 52 Cal. App. 765 [199 Pac. 896, 903], and during that lengthy period of time the trial judges and the profession of the state should have become acquainted with the views expressed in the opinion of the court. ■ Despite that fact, in the present instance the judge, at the conclusion of the examination conducted by him, had not made a record from which he could possibly determine whether the child was sufficiently qualified to occupy the witness chair in a court of justice or whether she was not. It was said in *People* v. *Delaney,* however, that "it is the duty of a judge, at any time after he has determined that a child is a competent witness, to change his mind upon due occasion, remove the child from the witness stand, and instruct the jury to disregard his testimony". This means that the entire record made by a witness under ten years of age in a particular case is to be scanned in order to determine whether he is competent to testify. If his testimony to the merits of one cause may be examined to nullify the ruling of the trial

judge made at the end of an examination on *voir dire,* it follows necessarily that such testimony in another cause may be invoked to support the ruling on *voir dire.* We have accordingly read with care the entire testimony of the little girl in the present case, and while there are places in the record where the idiosyncrasies of childish expression and demeanor stand forth, we have no hesitancy in saying that this child had the mentality necessary to qualify her under both branches of the statute. In partial justification of this conclusion we quote a part of her direct examination on the merits, prefacing the quotation with the statement that the crime is alleged to have been perpetrated in a room in an apartment house: "Q. Was this apartment house where you were, was that near your home? A. Yes. Q. On the same street? A. Yes. Q. In the same block? A. I live in a court. Q. You live in a court. That court is right near the apartment house? A. Yes. Q. Now . . . after you had been up in the room, and you told this man that you wanted to go home, did you leave the room and go home? A. Yes. Q. Did you cry? A. Yes. Q. Where were you when you started to cry? A. Downstairs. Q. Did you see anybody as you came out of his apartment? A. Yes. Q. Who? A. The landlady. Q. What is the landlady's name? A. I don't know. Q. Is she here? A. I don't know her name. Q. Is she here today? A. Yes. Q. Which lady is it? A. That one over there with the blue dress (indicating). Q. Which blue dress? A. The light one. Q. The light one. Will you stand up, please (addressing a lady in the courtroom, who arose to her feet). Is this the lady who is the landlady? A. Yes. . . . Q. Then did you go on home? A. Yes. Q. Did you see anybody when you got home? A. No. Q. Was your mother there? A. Yes. Q. Did you tell your mother what had happened? A. Yes. Q. What? A. Yes." Following is a part of the record made on the cross-examination: "What kind of bloomers did you have on that day? A. I don't know. Q. Did they have elastic in them? A. Yes. Q. Where was the elastic? Around the legs or around the waist? A. Around the legs. Q. It had elastic around the legs. Are all your bloomers made that way? A. Yes. Q. All the bloomers you have, have elastic around the legs? A. Yes. Q. And do they all have elastic around the waist? A. No. Q. And did the bloomers that

you wore that day have elastic around the waist? A. No. Q. Did they have buttons on them. A. Yes. Q. Did you have on the same dress that day that you have on now? A. No, this is a different dress. I didn't have this dress when I was up there. Q. Were the bloomers the same color of the dress that you had on? A. I don't know. Q. Did Mr. Walker put his hands under the elastic of the bloomers? A. Yes. Q. Did you take your little bloomers down? A. He did, but I didn't. Q. Did you unbutton them? A. Yes. Q. Take them off? A. No, he just took his hand and put his hand in them. Q. Which way did he put his hand in, from the top or from the bottom? A. Here (indicating) from the top."

We think, as it finally turns out, that the trial judge exercised a proper discretion in permitting the child to testify.

Appellant asserts that the trial court erred in refusing to give a certain instruction, setting it forth. No argument is advanced nor is authority cited to show that the proposed instruction contained a statement of the law. It is only said that "the law as set forth in the refused instruction" was not covered by any instruction given, and that the jury should have been "fully instructed on this question of law". Such a presentation gives us nothing to decide.

The same objection applies to questions attempted to be presented as to other instructions which were refused. In addition, we are convinced as to these particular instructions that they either do not state the law or were not required under the evidence, or that they were covered by instructions given.

Judgment and order affirmed.

Claig, J., and Thompson (Ira F.), J., concurred.