[Crim. No. 1416.   Third Appellate District.—May 15, 1935.]

THE PEOPLE, Respondent, v. HERBERT MALCOLM WATROUS, Appellant.

H. E. Paul, C. M. Hanson and Charles O. Busick for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Appellant was indicted for the offense denounced by section 288 of the Penal Code, and after a trial by the court, sitting without a jury, was found guilty and sentenced accordingly. This appeal is from that judgment, and the order denying a new trial.

There is no necessity to state in detail the character of the acts charged since it is the contention of appellant that at least as far as he is concerned the acts never occurred.

The indictment is in two counts. One count charges certain acts committed against a little girl four years of age,

and the second count refers to similar acts affecting the twin sister of the child referred to in count one.

The matter was brought to the attention of the officers by the maternal grandmother with whom the little girls stayed during the day while their parents were employed. A complaint was issued and a preliminary examination attempted but it being apparent to the district attorney and the committing magistrate, after a considerable examination of each of the proffered witnesses, that the little girls did not have the ability to receive just impressions nor to relate them truly, they were held incompetent and the proceedings dismissed. Some two months later the matter was taken before the grand jury and an indictment returned, and after trial thereon conviction obtained.

At the trial of the case held approximately five months after the commission of the alleged offense, the two little girls were sworn and testified over the objection of appellant. This raises the first point relied upon by appellant for reversal. It is also claimed the refusal of the trial court to admit the record of the proceedings at the preliminary hearing and before the grand jury as bearing upon the competency of the witnesses to testify, constituted error.

At the trial, counsel for appellant attempted to challenge the capacity of the children as competent witnesses. Several questions were asked to test their recollection of past events. Objections were made thereto, but apparently the answers were permitted although the trial judge said he considered the questions out of order at that stage of the examination and suggested the proper time would be to establish the fact of lack of memory on cross-examination, stating the capability of the witnesses was a matter entirely for the court. Finally counsel for appellant said: "Now we would like to include in the consideration of the competency of the witness the fact on previous occasions the witness was unable to testify to the particular facts which are to be brought out here, which would necessarily show that there is no present independent recollection of those facts." To this the prosecution objected and after some further discussion between the court and opposing counsel the district attorney said: "We will stipulate . . . that the preliminary transcript of the preliminary examination . . . together with the transcript of the testimony taken before the county grand jury . . . of the little

witness . . . may be admitted in evidence and considered as read.'' Mr. Paul: ''Purely as determinative of the competency. . . . '' The Court: ''I will admit it for the purpose of determining the qualification of the witness, both of them.'' District Attorney: '' . . . We refuse to stipulate to the introduction of those two documents merely for the purpose of determining whether or not the witness is qualified. I want the record clear on that. I do not want any such stipulation as that.'' The Court: ''Then I will sustain the objection then.'' And the court thereupon refused to admit the proceedings at the preliminary examination and the inquisition before the grand jury, and directed the witness to be sworn and testify.

Extreme youth is not *per se* sufficient to exclude a witness from the stand. The test is not one of age but of understanding and the capability of receiving just impressions of the facts in issue and the ability of relating those facts truly. As a necessary inference also from the mandatory statutory requirement that a witness be sworn before testifying there must be some understanding, before the oath is administered, of the nature and obligation thereof. The possession of these requisites is a matter for determination very largely by the trial judge but the examination of the witness on *voir dire* should be sufficiently broad and searching to establish these requisites.

As pointed out by Mr. Justice Works in *People* v. *Delaney,* 52 Cal. App. 765 [199 Pac. 896], under the terms of subdivisions 2 of section 1880 of the Code of Civil Procedure ''there are two separate tests for a determination of the question whether children under ten years of age may be witnesses. They cannot testify if it appears, first, if they are incapable of receiving just impressions of the facts respecting which they are examined; second, if they are incapable of relating those facts truly.'' While, as the learned justice points out, the tests of these two requirements must be satisfied through the same medium, that is, through the narrative ability of the child, nevertheless they relate to different periods of time. ''The just impressions'' have reference to the date of the occurrences which are under inquiry, whereas the capacity for ''relating truly'' is determined as to the date upon which the child is offered as a witness, ''therefore if a given child shall have made narration of the facts of an occurrence

at a time less remote from the time of their happening than is the date of the trial, that narration would be expected better to indicate whether he had received a just impression of the occurrences than would his narration, or his examination on his *voir dire,* at the trial. On the other hand his examination at the trial would furnish the guide for a determination of the ability truly to narrate provided that a comparison of that examination with the earlier narration would furnish a proper aid to the establishment of that test''. ''Such comparison is to be made by the court for the purpose of determining whether the child is competent to be a witness which is a very different question to one requiring the jury to determine by comparison whether statements made in an earlier narration are so variant from his testimony after he has become a witness, as to make that testimony unworthy of credence.''

The case of *People* v. *Walker,* 112 Cal. App. 146 [296 Pac. 692], is to the same effect that the entire record made by a witness under ten years of age may be examined to determine whether he is competent to testify. ██ We will not extend this opinion by quotations from the record of the youthful witnesses made at the preliminary but it was very obvious that they did not comprehend the nature of the proceedings nor did they indicate sufficient understanding to narrate the circumstances surrounding the alleged offense. The testimony taken before the grand jury was the result of leading and suggestive questions and only then was it possible to bring out a narration of what was alleged to have occurred. On the other hand their testimony at the trial was quite direct and connected, indicating at least some preparation, and the language and expressions used by each of the children were almost identical as those employed by the other. It seems improbable that in five or six months such mental powers would have developed as would permit them to qualify so readily without the aid of outside suggestion. It was error therefore to refuse to admit the proceedings had upon the preliminary examination and of the inquisition of the grand jury into the charges here under consideration.

██ Another error appearing in the record was permitting the grandmother to testify as to what was told her by the little girls. It is true no definite or clear-cut objection was made to the introduction of this testimony but we believe

sufficient was said to notify the court and prosecuting attorney of the attitude of appellant, and in view of the gravity of the charge, the character of the testimony presented, and the tender age of the children offered as witnesses, the court should of its own motion, have confined the testimony along strictly legal lines. As the court, speaking through Mr. Justice Van Fleet, said in *People* v. *Baldwin,* 117 Cal. 244 [49 Pac. 186] : "In this class of prosecutions the defendant, owing to natural instincts and laudable sentiments on the part of the jury, and the usual circumstances of isolation of the parties involved at the commission of the offense, is, as a rule, so disproportionately at the mercy of the prosecutrix's evidence, that he should be given the full measure of every legal right in an endeavor to maintain his innocence."

The grandmother, when called as a witness, stated that one of the little girls started to tell her something immediately upon arriving at her house the morning following the alleged occurrences involving appellant. The question was asked, "What did Barbara say?" to which counsel for appellant said, " . . . We will ask that the answer to the question be limited to the fact of complaint without any details as to persons involved." The Court: "Yes." Mr. Fowler: " . . . The authorities, I understand, will allow the fact that a complaint has been made to be put in evidence. Now, of course, to be thoroughly frank with the court and profess a little ignorance to ask this witness if a child made a complaint is calling for a conclusion, obviously, because it should be for the court to determine whether or not the complaint was made." The Court: "All he objects to is her naming the party. He don't object to her naming the incidents." Mr. Paul: "As I understood, what I was trying to make clear, we would be quite willing to admit evidence that complaint was made and sufficient statements so you could tell what sort of a complaint it was without going into all of the details and getting in the hearsay, but omitting the name of the party. They may give the time and place, that sort of thing, without going into all the details." Mr. Paul: "Well, if the court please, we do not wish to be unduly contentious about this matter, I believe the fact of complaint is admitted purely as *res gestae.* That is the question here, it is rather remote, as far as that goes. We are perfectly willing to concede that the witness may testify that complaint

was made, subject, of course, to having explanation of the remoteness later included, which I imagine it would be. It seems to me that in accordance with the rulings in the cases that the fact of complaint should be elaborated only so far as to make it clear that the little girls were not complaining, for instance, that they had been run down by an automobile, something like that, it is reasonable to show that much. In other words to show what the nature of the offense was, not to go into all the details.'' The Court: ''To go into the character of the offense but not name the parties.'' Mr. Paul: ''Not all the little details.'' The Court: ''It is not necessary to go into all the details, but what pertains to the particular things that were done.''

Thereupon the witness was permitted to tell in detail all that was told her by the two children, in its fullest detail. At the conclusion of the testimony counsel for appellant moved that the answers of the witness be stricken. This objection was opposed by the district attorney and the court refused to strike it out because as it stated, ''there was no objection''. ''Objection was, however, sustained as to any further examination of the witness along similar lines.''

The rule is very clear that the fact of complaint is admissible but the narration of details thereof is hearsay and therefore incompetent. (*People* v. *Wilmot,* 139 Cal. 103 [72 Pac. 838] ; *People* v. *Lambert,* 120 Cal. 170, 171 [52 Pac. 307] ; *People* v. *Mayes,* 66 Cal. 597 [6 Pac. 691, 56 Am. Rep. 126].)

As said in Greenleaf on Evidence, volume 3, paragraph 213, ''The true rule is to admit evidence of the fact of complaint in all cases, and in no case to admit anything more. The evidence when restricted to this extent is not hearsay but in the strictest sense original evidence. When, however, these limits are exceeded it becomes hearsay in a very objectionable form.''

We believe, therefore, that in spite of the somewhat informal objections interposed to the testimony of the grandmother it was sufficient to protect the interests of appellant and the court should have excluded her testimony or granted the motion to strike out at the conclusion thereof.

When it is recalled that the only evidence tending to connect the defendant with the crime—which he at all times denied—was the testimony of the two four year old

children and the testimony of the grandmother, who could only testify as to what she was told, it is obvious that the capacity of the children as witnesses is vital. While in particular cases a strict adherence to the rules of evidence may appear to defeat the ends of justice, long experience has taught the danger of relaxing their force.

██ Objection was also made that the complaint by the children was too remote. With this we do not agree. The alleged offense occurred during the afternoon and complaint was made to the grandmother the following morning. It is true no complaint was made to the mother with whom the little girls spent the time from 4 o'clock in the afternoon of the day the offense is charged to have occurred until 7 o'clock the following morning, when they were taken to the home of the grandmother. It cannot be said, however, as a matter of law, that because complaint was not made to the mother but was made the following morning to the grandmother, it was remote.

For the reasons given we believe that the defendant failed to receive the protection of the law to which he was entitled, and for that reason the judgment and order must be reversed. It is so ordered.

Thompson, J., and Plummer, J., concurred.