[Civ. No. 19725.   Second Dist., Div. Three.   Dec. 4, 1953.]

GENEVA L. MORRIS, Appellant, v. THOMAS G. MORRIS, Respondent.

Harry Albert for Appellant.

Louis J. Hart and Frank J. Hill for Respondent.

SHINN, P. J.—This is an appeal by Geneva L. Shipsey (Morris) from an order denying her application for change of custody of daughters, Susan age 10½, and Sara age 6½, whose custody had been awarded to defendant Thomas G. Morris in 1949 by interlocutory decree of divorce.   In the divorce action each had charged the other with cruelty and Thomas had charged Geneva with adultery.   Each sought a divorce and custody of the children.   At the conclusion of a contested trial in which findings were waived, Thomas was awarded an interlocutory decree and custody of the children;

Geneva was given the right to visit the children between the hours of 9 a. m. and 5 p. m. at their home, and also the right to have them with her between the hours aforesaid on two days each week and each alternate Saturday. She was ordered not to permit the children to be in the presence of Edward J. Shipsey. By final decree entered September 21, 1950, the custody provisions of the interlocutory decree were continued in effect. Geneva thereafter married Mr. Shipsey. It was his third marriage. Before awarding custody to the father, the court considered an extensive report of an investigation with respect to the conditions under which the children would live in the custody of each of the parties.

On May 22, 1951, Geneva petitioned for modification of the custody provisions. On September 26, 1951, an investigator's report was filed recommending modification under which Geneva would have custody on alternate weekends from 10 a. m. Saturday to 8 p. m. Sunday, and would also have the children with her during the entire summer vacations and during the Thanksgiving, Christmas and Easter vacations. On September 26, 1951, the parties entered into a stipulation pursuant to which the court made an order of modification which provided that the children would be with their mother on alternate weekends from 10 a. m. Saturday until 8 p. m. Sunday, that each parent would have them for one-half of each summer vacation and upon alternate holidays of Thanksgiving, Christmas and Easter. The provision that the children would not be allowed in the presence of Mr. Shipsey was vacated.

On June 9, 1952, Geneva petitioned for further modification which would allow her to have the daughters with her except when they visited with their father, namely, on alternate weekends and a half of summer vacations, and other vacation periods. A report of an investigator was filed with the same recommendation respecting custody as was contained in the September 26, 1951, report. It was received in evidence under a stipulation that if called as a witness the investigator would testify to the facts contained in the report. As the matter stands now the custody provisions are those the parties agreed upon as the basis of the earlier modification.

The court took evidence of the parties and their witnesses in the latest hearing. There is naturally bitter feeling between the parties and between Mr. Shipsey and Mr. Morris. There was conflicting evidence as to whether it would be in the best interests of the children to live in the Shipsey home

and as to certain disadvantages of living with their father. There was evidence that each parent has great affection for the children, has always been solicitous of their welfare and that each would properly perform parental duties in a statisfactory manner. It would serve no good purpose to relate the evidence given at the hearing. The court without objection interviewed the little girls privately and apparently gave serious consideration to their wishes. It would appear also that the children made statements to the court which materially influenced the decision. The children live with their father at Yucaipa and his parents live on the premises in a trailer. The Shipseys live at Silverado, in Orange County, approximately 100 miles from Yucaipa. It is undoubtedly burdensome for them to take the long week end trips to. get the girls and to return them. While Mr. Morris is at work the girls are in the care of their grandmother, who is 68 years of age and whose capabilities are not seriously questioned.

It appears to us that the court did not err in continuing in effect the agreement of September 26, 1951, and the order based thereon. While the terms of the agreement fell short of gratifying the conflicting wishes of the parents, they were satisfactory as a compromise of differences which no doubt will exist until the daughters are free from court supervision. It may be inferred that the children are better satisfied with present conditions than they would be if their custody was awarded exclusively to their mother. The fact that they did not wish to be taken from the custody of their father indicated that they were happy in their present home.

There is nothing in the record as to any arrangement for the children to be interviewed by the court, although it is apparent that there was some agreement for it. The court made no statement of what the children had said in the interview. Plaintiff criticizes the practice as one which permitted the court to take evidence that was not known to the parties, or their attorneys. No request was made for a statement by the court. Nevertheless we think it would be the part of wisdom for the court to make a record of such interviews with children in custody cases in order to protect itself against any suspicion of unfairness on the part of the parent against whom the decision is rendered.

The children will, of course, be deprived of advantages which they would have enjoyed had their parents not separated, and this will be true as long as they must be shuttled

back and forth between their mother and their father. But all a court can do in such circumstances is to give fair recognition to the rights and wishes of the parents, and at the same time make what appears to be the most reasonable provision for the welfare of the children. When, after a full and fair hearing, the court refused to modify the former order, the denial of modification may not be disturbed on appeal in the absence of a showing of an abuse of discretion. (*Prouty* v. *Prouty,* 16 Cal.2d 190 [105 P.2d 295].) The court did not abuse its discretion in refusing to award a greater measure of custody to the mother than she has enjoyed under the former modifying order.

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.