[Civ. No. 20871.   Second Dist., Div. Three.   Dec. 5, 1955.]

ELEANOR E. SMITH, Appellant, v. THOMAS H. SMITH, Respondent.

John K. Ford for Appellant.

James L. Potts for Respondent.

THE COURT.—Appeal by plaintiff mother from a minute order modifying the final decree of divorce by changing custody of the minor son of the parties from the mother to defendant father. She urges that the trial court's action in changing custody was an abuse of discretion.

On August 4, 1947, plaintiff was granted an interlocutory judgment of divorce from defendant. The judgment awarded custody of Craig, minor son of the parties, to plaintiff. On August 17, 1948, final judgment was entered, including therein the custody provisions of the interlocutory judgment.

On June 10, 1953, defendant applied for an order changing custody of Craig from plaintiff to himself subject to a right of reasonable visitation in plaintiff, based on the facts that he had remarried and had two children by his second marriage, that Craig was then 9 years of age, and that Craig had frequently expressed a desire to live with him and be raised in his home. Plaintiff opposed the application. The matter was heard by a commissioner who made a report to the court and recommended that custody of Craig be awarded to defendant. Plaintiff filed exceptions to the report and recommendation. At the hearing on the exceptions the court read the record before the commissioner and pursuant to a stipulation interviewed Craig privately in chambers. An order was then made approving the commissioner's recommendation awarding custody of Craig to defendant but modifying his recommendations as to visitation. Plaintiff appeals.

■ An application to change the custody of a child from one parent to the other is addressed to the sound discretion of the trial judge and his order will not be reversed except on a clear showing of an abuse of that discretion. (*Holsinger* v. *Holsinger*, 44 Cal.2d 132, 135 [279 P.2d 961].)

■ Plaintiff's first point is that there was no showing of a change of circumstances. Assuming, without deciding, that a showing of a change of circumstances is necessary, there appears to have been a sufficient showing. At the time of the interlocutory decree Craig was only 3 years and 5 months old. At the time of the hearing he was 9½ years old. He is now 11½ years old. Since the divorce defendant has remarried and has two children by his new wife. He has visited Craig at all times in accordance with his visitation rights. He has built a room onto his home and furnished it for Craig. Craig told the commissioner he preferred to live at his father's home. During the summer of 1953 while he was living with his father, Craig, on his own, enrolled in a summer school and attended from 8 a. m. to 3 p. m. Plaintiff made it difficult for defendant to visit Craig while the child was in her custody. (See *Bernstein* v. *Bernstein*, 80 Cal.App.2d 921 [183 P.2d 43] ; also *Cornwall* v. *Cornwall*, 108 Cal.App.2d 95 [238 P.2d 8].)

■ As we have mentioned, on stipulation of the parties the trial judge talked to Craig in chambers. The trial judge did not state for the record what the conversation had been. We disapprove of the practice of a judge interviewing a child in chambers without thereafter making a statement for the record of what the child has said in the interview. In *Jenkins* v. *Jenkins*, 125 Cal.App.2d 109 [269 P.2d 908], we said that it would be the part of wisdom for the court to make a record of such interviews with children in custody cases in order to protect itself against any suspicion of unfairness on the part of the parent against whom the decision is rendered. However, no request was made for such a statement in the case at bar. Accordingly we must assume that what Craig told the judge, together with the other evidence, was sufficient to warrant a change of custody. (*Smith* v. *Smith*, 135 Cal.App.2d 100, 105 [286 P.2d 1009].)

■ At the time of the hearing before the commissioner Craig was 9 years of age. The following took place when he was called to testify on behalf of defendant: "MR. BRONSTEN [plaintiff's attorney] : I will stipulate he may be sworn. THE COURT: We won't—it isn't necessary to swear the boy

in as a witness at his age.'' Defendant then examined Craig without his having been sworn and plaintiff cross-examined him. Plaintiff asserts the court erred in taking the testimony of Craig without administering an oath to him as required by section 1846 of the Code of Civil Procedure. Obviously Craig should have been sworn. However, plaintiff cannot complain. She at no time made any objection to his testifying without being sworn. She cross-examined him. In her argument at the close of the hearing she relied on the unsworn testimony. She does so in her opening brief here. It is too late to raise the point.

■ When Craig completed his testimony before the commissioner, the commissioner asked: ''Counsel, may I ask the boy one question that he can answer off the record.'' Counsel did not reply, and no objection to the commissioner doing so was made. A whispered conversation was then had between the boy and the commissioner. The commissioner did not state for the record what the conversation had been, and no request was made for such a statement. Plaintiff contends the procedure was contrary to section 1846 of the Code of Civil Procedure. The conversation should have been stated for the record. It must be assumed that plaintiff consented to the conversation with Craig ''off the record.'' (*Morris v. Morris,* 121 Cal.App.2d 707, 709 [264 P.2d 106]; *Barr v. Barr,* 119 Cal.App.2d 588, 591 [259 P.2d 957].) The objection cannot be raised for the first time on appeal.

Finally, plaintiff contends defendant has repeatedly attempted to modify the custody order on the same facts. We have examined the record and find no merit in this contention.

There is no showing that the court abused its discretion in making the order appealed from.

Affirmed.