138 Cal.App.2d Supp. 902 (1955)
THE PEOPLE, Respondent,
v.
VONCELE OLIVE HARRINGTON, Appellant.
California Court of Appeals. 
Dec. 22, 1955.
 Sam Houston Allen for Appellant.
 Byron B. Gentry, City Prosecutor (Pasadena), for Respondent.
 Before Shaw, P. J., Bishop, J., and Swain, J.
 THE COURT.
 The defendant was convicted of violating Vehicle Code section 502, driving while under the influence of intoxicating liquor. She appeals from "the judgment" and the order granting probation on two grounds: (1) error in the court's voir dire examination of jurors, and (2) that the court wrongfully sustained objections when she offered evidence to explain why she did not testify to the merits of the case. There is no judgment because sentence was not pronounced.
 The voir dire examination of jurors was largely devoted to questions of law asked by the court and counsel and to an [138 Cal.App.2d Supp. 904] attempt by the court to preinstruct the prospective jurors on points of law. In that connection, we deem it worthwhile to state several principles. [1] (1) Knowledge of the law is not one of the qualifications for jury duty. [2] Prospective jurors should not be asked questions of law. [3] (2) "It is not the province of counsel on voir dire examination of prospective jurors to attempt to instruct them on matters of law." (People v. Jefferson (1948), 84 Cal.App.2d 709, 711 [191 P.2d 487].) [4] The trial court may properly sustain objections to such questions. (People v. Spraic (1927), 87 Cal.App. 724 [262 P. 795]; People v. Tibbetts (1929), 102 Cal.App. 787 [283 P. 830]; State v. Bauer (1933), 189 Minn. 280 [249 N.W. 40], and the many excellent cases cited therein.) [5] (3) There is no doubt that the court has the right and the duty to instruct the jury on the law and that it may regulate the order of proceedings in a trial, but it is also the duty of the court to expedite the trial. [6] Time should not be consumed by asking questions which throw no light on the qualification of the jurors, whether those questions are asked by the court or by counsel. This statement in People v. Semone (1934), 140 Cal.App. 318, 326 [35 P.2d 379], applies equally to questions by the court and by counsel: "It is not only the privilege but it is also the duty of the court to restrict the examination of jurors within reasonable bounds so as to expedite the trial."
 "The section" [Pen. Code 1078] "is one of those passed by the legislature on the recommendation of the commission for the reform of criminal procedure created by the legislature in 1925, the purpose of the enactment, of course, being to expedite the trial of criminal causes, and to correct the abuse which has grown up in this jurisdiction, through tedious and unnecessary examination of prospective jurors in criminal cases." (People v. Estorga (1928), 206 Cal. 81, 84 [273 P. 575].) The all too prevalent practice of tedious voir dire examinations was denounced in People v. Edwards (1912), 163 Cal. 752, 753 [127 P. 58]: "The records of the cases appealed to this court in which rulings made while impaneling a jury have been involved, indicate that there is an increasing tendency to prolong the proceedings inordinately by allowing counsel on either side to indulge in tedious examinations of jurors, apparently with no definite purpose or object in view, but with the hope of eliciting something indicating the advisability of a peremptory challenge, and that the supposed privilege of doing this has been greatly abused." In the case at [138 Cal.App.2d Supp. 905] bar we find the court doing the very thing which he was given power to stop.
 [7] (4) During the voir dire it is proper for the judge to instruct the prospective jurors that they are required to follow all instructions of law which the court gives them and then to ask: "Will you, to the best of your ability, follow all instructions of law which I give you?" This practice was approved in People v. Edenburg (1928), 88 Cal.App. 558 [263 P. 857], and is the one we recommend to trial judges.
 The appellant complains of such questions as these: "What do you understand that phrase 'under the influence of intoxicating liquor' to mean?" "In your mind there is a distinction between being drunk and intoxicated?" "What test do you understand the statute to require? High, being drunk, falling down, or down and can't get up?" The court should have instructed the jury at the proper time what the statute means by "under the influence of intoxicating liquor." This Socratic method of preinstructing prospective jurors was apparently somewhat confusing and embarrassing to those who gave the wrong answers.
 Appellant especially complains of the following:
 "The Court: Then I take it you've got your mind made up that unless there is a showing of more than one beer, that there could be no conviction?"
 "Mr. Kinnison: I mean I honestly feel that one beer would not have that effect. I am honest about that."
 [8] "The Court: That is what we want to find out. If we've got the cards stacked, let's find out about it. (Emphasis added.) Appellant claims that by this language the judge allied himself with the prosecution. The expression is not a happy one, but a reading of the entire reporter's transcript discloses that the judge frequently used the editorial "we" in referring to all participants in the trial, and he doubtless had the same thought in mind in the instance cited. If there were any doubt as to the defendant's guilt, we might take a more serious view of this matter, but the evidence of guilt is overwhelming and the defendant did not deny she had been drinking or that she was intoxicated."
 [9] Appellant also claims that it was error to exclude her evidence as to why she did not testify to the merits of the case. In this she is correct. Article I, section 13, of the Constitution of California provides: "... in any criminal case, whether the defendant testifies or not, his failure to explain or to deny by his testimony any evidence or facts [138 Cal.App.2d Supp. 906] in the case against him may be commented upon by the court and by counsel, and may be considered by the court or jury." To the same effect is Penal Code, section 1323. See also People v. Adamson (1946), 27 Cal.2d 478, 489 [165 P.2d 3], and People v. Anderson (1922), 57 Cal.App. 721, 727 [208 P. 204]. Although it was error to exclude defendant's explanation of her failure to testify as to the merits of the case, it is impossible to believe that it was prejudicial to withhold her reason for not so testifying, namely, that she was afraid she might be prosecuted for perjury or that she was being prosecuted for perjury based on testimony she gave at the first trial of this action. The error is, therefore, not a ground for reversal (Cal. Const., art. VI, 4 1/2.)
 The attempted appeal from the judgment is dismissed; the order is affirmed.