[Crim. No. 6209. Second Dist., Div. Two. Oct. 15, 1958.]

THE PEOPLE, Respondent, v. ALLAN HAROLD DUKE, Appellant.

Allan Harold Duke, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOX, P. J.—Defendant was charged with forgery in violation of Penal Code, section 470. It was also alleged that he had suffered a prior felony conviction for attempted grand larceny, second degree, in the State of New York, for which he had served a term in the state prison. Defendant entered a plea of guilty but denied the prior conviction. He waived a jury trial on the issue of the prior conviction. The court found the allegation of a prior conviction to be true. Probation was denied and defendant was sentenced to the state prison. He has appealed from the judgment.

Defendant attempts to raise the issue of illegal search and seizure because, upon searching defendant, the police assertedly found $564 on his person which he claims they took from him without giving him a receipt. It is plain that there is no issue of illegal search and seizure here since there is no showing that any evidence obtained by search and seizure was used in the trial. He entered a plea of guilty; hence there was no issue as to the admission or exclusion of any evidence. Defendant does not dispute the reasonableness of the arrest or the search. His incidental complaint that the police did not give him a receipt for this money finds no support in the

record. And, in any event, such a matter would not be appropriate for consideration on this appeal.

 Defendant's claim that he "at no time waived his right to a jury trial," can be quickly disposed of. He entered a plea of guilty to the charge of forgery. On the issue of the alleged prior conviction, the record shows that the defendant personally waived a jury trial on this issue and the waiver was joined in by his attorney and the prosecutor.

Defendant's claim that he was erroneously advised by his counsel, particularly with respect to entering his plea and receiving probation with the first year in the county jail, finds no support whatever in the record.

There is likewise no merit in defendant's contention that he should have been granted probation. The granting or withholding of probation is a matter that rests in the sound discretion of the trial court. (Pen. Code, § 1203; *People* v. *Jackson*, 89 Cal.App.2d 181, 182 [200 P.2d 204].) Probation is not an absolute right to which a defendant is entitled, but is an act of grace and clemency which may be granted to a seemingly deserving defendant. (*People* v. *Wiley*, 33 Cal. App.2d 424, 429 [91 P.2d 907]; *People* v. *Hainline*, 219 Cal. 532, 534 [28 P.2d 16].)

 The court was clearly justified in denying probation to defendant. He had a prior felony conviction and the probation report, according to the judge, discloses that he had "quite an impressive record" of other offenses.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 10, 1958.