[Crim. No. 7036. Second Dist., Div. Three. Aug. 15, 1960.]

THE PEOPLE, Respondent, v. CASSON OTTO PIKE, Appellant.

Casson Otto Pike, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

FORD, J.—The appellant was found guilty by a jury of the crime of violation of section 288 of the Penal Code.[1] Probation was denied and he was sentenced to imprisonment in the state prison for the term prescribed by law. He has appealed from the judgment and from the order denying his motion for a new trial.

We turn first to the contention of the appellant that the child involved, his daughter who was 5 years of age at the time of the alleged offense and at the time of trial, was not competent as a witness. The trial commenced on July 2, 1959. The deputy public defender who represented the appellant made certain inquiries of the child on *voir dire*. She stated that she did not know where she lived, how long she had lived there, the name of her school (although she knew her teacher's name), how long she had gone to school, the last time when she was in school, the names of any children in her class, the name of the church at which she attended Sunday School, or the names of the children in the Sunday School. The appellant's counsel then objected "to the swearing of this witness on the ground that she cannot adequately remember facts in the past so she could truthfully relate them." The objection was overruled. During the course of her testimony, she said that she had recently moved to a new house and that she did not know the address of that house. But she did know the address of her former residence, including the city and state. After she had completed her testimony, counsel for the appel-

---

[1]Section 288 of the Penal Code is as follows: "Any person who shall wilfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in part one of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the State prison for a term of from one year to life."

lant stated that, "just for the record, the defendant will move to strike the testimony of the witness . . . on the ground she was not a competent witness." The trial judge stated, "She sounded pretty competent to me," and denied the motion. No error appears. A review of the record substantiates the conclusion reached by the trial court. The governing law is stated by Mr. Justice Peters in *People* v. *Lamb,* 121 Cal.App. 2d 838, at pages 844-845 [264 P.2d 126] : "The trial judge, because of his ability to see how the child acts on the stand, possesses considerable discretion in determining whether a child under 10 possesses these qualifications. (*People* v. *Daily,* 135 Cal. 104 [67 P. 16] ; *People* v. *Meraviglia,* 73 Cal.App. 402 [238 P. 794] ; *People* v. *Tibbetts,* 102 Cal.App. 787 [283 P. 830] ; *People* v. *Walker,* 112 Cal.App. 146 [296 P. 692].)

 "In determining whether a child sufficiently can recollect and narrate, the appellate court is not limited by the *voir dire* examination, but may examine the subsequently given testimony. Subsequently given testimony, if clear, relevant and coherent, may be used to support the ruling on qualifications. (*People* v. *Walker,* 112 Cal.App. 146 [296 P. 692] ; *People* v. *Arcia,* 85 Cal.App.2d 127 [192 P.2d 31] ; *People* v. *Denton,* 78 Cal.App.2d 540 [178 P.2d 524] ; *People* v. *Gibbons,* 83 Cal.App.2d 504 [189 P.2d 37].) The trial court properly may decide that a child has the ability to recollect and narrate even though he cannot remember and narrate some simple facts. Thus in *People* v. *Slobodion,* 31 Cal.2d 555 [191 P.2d 1], a 6-year-old child was held qualified in spite of his expressed opinion that there were twelve days in a week, was unable to fix the month of the occurrence, was unable to describe the size of defendant, and there was some evidence of coaching. In *People* v. *Carpenter,* 3 Cal.App.2d 746 [40 P.2d 524], a 6-year-old misstated her age, could not give the date of her birthday nor her address, but, nevertheless, based upon her subsequently given coherent testimony was held qualified." (See also *People* v. *Smith,* 162 Cal.App.2d 66, 69 [327 P.2d 594] ; *People* v. *Allen,* 131 Cal.App.2d 72, 74 [279 P.2d 996] ; *People* v. *Ernst,* 121 Cal.App.2d 287, 290-291 [263 P.2d 114] ; *People* v. *Freeman,* 24 Cal.App.2d 619, 621 [75 P.2d 640].)

 In reviewing the sufficiency of the evidence to sustain the conviction, as stated in *People* v. *Newland,* 15 Cal.2d 678, at page 681 [104 P.2d 778], we must " 'assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' If

the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury.'' In this case, the evidence was clearly sufficient. The appellant's 5-year-old daughter testified that he touched her private parts with his private parts while her mother was at the hospital awaiting childbirth. The mother's labor pains turned out to be false in nature and she returned home later the same morning. A physician made an examination of the child and found evidence of ''trauma to the external genitalia and to the introitus, the opening of the vaginal vault,'' although he could not ascertain by examination how the trauma was inflicted. It is true that there were inconsistencies in the child's story, particularly as to whether she had on ''panties'' when her father woke her up, as to whether she saw her mother leave for the hospital, and as to the color of a bottle of liquor. But, as said in *People* v. *Cox*, 104 Cal. App.2d 218, at page 219 [231 P.2d 91] : ''It is elementary that the credibility of the witness and the reconciliation of any discrepancies in the evidence are questions to be determined by the trier of the facts and its determination will not be disturbed on appeal where there is substantial evidence to support it.'' (See also *People* v. *Slobodion,* 31 Cal.2d 555, 559 [191 P.2d 1] ; *People* v. *Koontz,* 171 Cal.App.2d 633, 634 [341 P.2d 815].)

 The appellant also claims that there were flaws or inconsistencies in the testimony which could be shown by reference to the transcript of the preliminary examination. But except for specific references to that transcript at the trial for the purpose of impeachment, the transcript of testimony at the preliminary hearing was not a part of the record in the trial court. On this review, we are not permitted to go outside of that record. (*People* v. *McKinney,* 152 Cal.App.2d 332, 335 [313 P.2d 163] ; *People* v. *Justice,* 167 Cal.App.2d 616, 622 [334 P.2d 1031].)

 On cross-examination, the appellant's daughter was asked whether she had talked with her mother about what she was going to say in court. She answered, ''No.'' Later, she testified as follows: ''Q. When you were coming to court did you talk about it with your mother? A. Yes. Q. Was that today? A. Yes. Q. And did you mother tell you what questions they were going to ask you today? A. Yes. Q. Did she tell you what your answers should be? A. Yes.'' On redirect examination,

the child was asked whether her mother told her "to say this happened, or did this happen?" She answered, "It happened." On cross-examination, the child's brother, who was 7 years old, testified that in the car while they were on their way to court that day his mother told him that he would be asked some questions. She said that they would be the same questions he had been asked before and that he should give the same answers as before. On redirect examination, the boy was asked, "The answers that you gave before are the true answers to what you saw?" He answered, "Yes." On cross-examination, the mother testified that she never told the children what answers to give but only told them to tell the truth. Whether either child was testifying as to facts of his or her own knowledge or as a result of coaching by the mother was to be determined by the jury as the trier of fact. (*People* v. *Aleshire*, 90 Cal.App.2d 506, 508 [203 P.2d 569]; *People* v. *Carpenter*, 136 Cal.App.2d 726, 728 [289 P.2d 251].) The determination of the jury that the testimony of the prosecutrix was worthy of belief finds substantial support in the record and this court cannot interfere therewith.

The appellant contends that there was error in permitting testimony of his wife as to a complaint made by the daughter to her when the appellant's wife returned home from the hospital sometime after 5 a.m. on the particular morning. The mother stated that she talked to the child. She was then asked, "Did she make any type of a complaint to you?" The deputy public defender who was representing the appellant stated, "I will object to the contents of the complaint as being hearsay." A discussion was then had out of the presence of the jury in which counsel for the appellant conceded that "it is admissible that a complaint was made" but contended that "the contents of the complaint are hearsay." The objection was overruled and then the mother testified as follows: "Q. By Mr. Pachtman [Deputy District Attorney]: What was it that [the child] . . . told you as soon as you arrived home? A. She said her dooby hurt, her rectum. Q. Did she say anything else about it? A. No, not right then, not until after I had taken her out to the car. Q. After you took her out of the house? A. Then she told me what happened. Q. But she did make an immediate complaint? A. Yes, she did." The ruling was error. "The rule is very clear that the fact of complaint is admissible but the narration of details thereof is hearsay and therefore incompetent." (*People* v. *Watrous*, 7 Cal.App.2d 7, 13 [45 P.2d 380]; see also *People* v. *Huston*,

21 Cal.2d 690, 694 [134 P.2d 758]; *People* v. *LaMantain,* 89 Cal.App.2d 699, 703 [201 P.2d 598]; *People* v. *Branch,* 77 Cal. App. 384, 388 [246 P. 811]; 4 Wigmore on Evidence (3d ed.), § 1136.)　　■■■　But the ruling did not result in evidence in violation of the rule stated. The statement of the child that a part of her body hurt was competent as evidence under an exception to the hearsay rule which exception is stated in Witkin on California Evidence as follows (§ 262) : ''Where the physical condition of a person at a particular time is relevant and material, his declarations of such condition, *made at that time,* are admissible to prove the condition.'' (See also *People* v. *Bray,* 42 Cal.App. 465, 470 [183 P. 712].) In the present case, the condition of the child's body at a time close to the alleged offense was relevant. The further answer, ''Then she told me what happened,'' was not a narration of details of the complaint but rather a conclusion on the part of the witness as to which counsel for appellant made no motion to strike. Consequently, the erroneous ruling resulted in no error of a prejudicial nature.

　　■■■　The granting or withholding of probation was a matter for the determination of the trial judge in the exercise of his sound discretion. (*People* v. *Duke,* 164 Cal.App.2d 197, 199 [330 P.2d 239].) No abuse of discretion is shown.

We have not overlooked other matters to which the appellant makes reference but we are not at liberty to consider matters not supported by the record. (*People* v. *Spencer,* 170 Cal.App.2d 145, 150 [338 P.2d 484].) The appellant received an able defense. No prejudicial error appears in the record.

The judgment and the order denying the motion for a new trial are affirmed.

Shinn, P. J., and Vallée, J., concurred.