[Civ. No. 58617. Second Dist., Div. Five. May 20, 1981.]

In re TANYA P., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF PUBLIC SOCIAL
SERVICES, Plaintiff and Respondent, v.
FRANCISCA P. et al., Defendants and Appellants.

**COUNSEL**

Stephen R. Grohs for Defendants and Appellants.

John H. Larson, County Counsel, and David F. Skjeie, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**ASHBY, J.**—The juvenile court found the minor, eight-year-old Tanya P., to be a dependent child of the court under Welfare and Institutions Code section 300, subdivisions (a) and (d). The court found true the allegation that on or about June 17, 1979, and on numerous prior occasions, Tanya's stepfather, appellant Raymond P., sexually molested her by oral copulation. Tanya was removed from the custody of her stepfather and mother, appellant Francisca P., for suitable placement.

We deem it unnecessary to state the facts in detail. In summary, Tanya testified that on many occasions over the past year her stepfather had invited her into his room and placed his penis in her mouth.

Appellants contend (1) that the trial court erred in hearing Tanya's testimony outside the presence of the stepfather; (2) that the court erro-

neously admitted hearsay testimony by a police officer; (3) that the court erroneously admitted reports from a psychiatrist and psychologist appointed by the court; and (4) that the evidence is insufficient to sustain the judgment. None of these contentions is meritorious.

## TANYA'S TESTIMONY

At the request of the attorney for plaintiff (Los Angeles County Department of Public Social Services) the stepfather was excluded during the testimony of Tanya. The testimony was given in chambers in the presence of all the attorneys and Tanya's mother, and was reported by the court reporter. Tanya was extensively cross-examined by the attorney for appellants.

■ Appellants contend the trial court erred in excluding the stepfather during this testimony. Appellants did not object to this procedure in the trial court, and therefore may not raise this argument for the first time on appeal. (*Sturm v. Sturm* (1955) 138 Cal.App.2d 25, 32 [291 P.2d 527]; *Smith v. Smith* (1955) 137 Cal.App.2d 512, 515 [290 P.2d 609].)

■ In the absence of objection there is no discussion in the record as to the necessity for this procedure, but it was obviously for the purpose of relieving the eight-year-old victim of the fear and intimidation she might otherwise feel testifying in the presence of her stepfather. In fact, Tanya testified that two weeks prior to trial her stepfather had said to her, "Don't tell the truth." Such procedure is expressly authorized in child dependency proceedings by *In re Stanley F.* (1978) 86 Cal.App.3d 568, 574-575 [152 Cal.Rptr. 5]. (See also *In Interest of Brooks* (1978) 63 Ill.App.3d 328 [379 N.E.2d 872, 881-882, 20 Ill.Dec. 39]; *State* ex rel. *Child v. Clouse* (1970) 93 Idaho 893 [477 P.2d 834, 840]; *Spence v. Levi* (1974) 133 Ga.App. 581 [211 S.E.2d 622, 624].)

Appellant cites Evidence Code section 711 which provides: "At the trial of an action, a witness can be heard only in the presence and subject to the examination of all the parties to the action, if they choose to attend and examine." However, section 711 was satisfied because Tanya's testimony was given in the presence of appellant's attorney, who thoroughly cross-examined her. The testimony was transcribed by the reporter. In such circumstances the stepfather appeared through his attorney and could not have been prejudiced by the procedure. (*In re Stanley F., supra; In Interest of Brooks, supra; Willingham v. Wil-*

*lingham* (1941) 192 Ga. 405 [15 S.E.2d 514, 517].) Evidence Code section 711 should be interpreted in light of Evidence Code section 765[1] and the paramount purpose of such proceedings, which is to protect the welfare of the child. (See *In Interest of Brooks, supra,* at p. 881; *State* ex rel. *Clouse, supra.*) The trial court acted properly and appellant's rights were fully protected.

## HEARSAY

Appellants next complain that hearsay evidence was improperly admitted. Over a hearsay objection Officer Fitzgerald of the Los Angeles Police Department testified as to two statements made to him by Tanya's mother. 1. "[Mrs. P.] told me that she had questioned Tanya . . . as to Tanya orally copulating her father. Tanya said that was true. . . . Tanya also told her that there have been acts of intercourse between Tanya and her father." 2. "She stated to me that Tanya complained of pain in her vaginal area . . . . [Mrs. P.] stated she examined Tanya and observed traces of blood around the vaginal area . . . . I asked her if she took the child to a doctor, and she said she didn't. There was no examination."

■ Assuming that the first statement was offered for the double hearsay purpose of proving the truth of the matter asserted by Tanya, rather than merely to prove Mrs. P.'s awareness of what was taking place, any error in its admission was harmless. Tanya testified directly in court as to the acts taking place. Tanya's mother also testified directly in court that when she questioned the child, Tanya had said that it was true. Mrs. P. stated: "She keeps going back and forth and saying it is a dream, and then it is true, and then it is a dream." The direct testimony in the case was obviously far more important than the hearsay testimony of Officer Fitzgerald.

■ With respect to the second portion of Officer Fitzgerald's testimony, relating to Tanya's complaint of pain in her vaginal area and Mrs. P.'s observation of blood, the trial court properly ruled it admissible. Mrs. P.'s statement was a party admission and Tanya's statement was a declaration of then existing pain. (Evid. Code, § 1250; *People* v. *Pike* (1960) 183 Cal.App.2d 729, 735 [7 Cal.Rptr. 188]; Evid. Code, § 1201.)

---

[1]Evidence Code section 765 provides in pertinent part: "The court shall exercise reasonable control over the mode of interrogation of a witness so as . . . to protect the witness from undue harassment or embarrassment."

## Doctors' Reports

Appellants next contend that the trial court erred in admitting into evidence reports from a psychiatrist and a psychologist who did not testify at trial. This argument is without merit because so far as the record shows appellants did not object to admission of the reports. This is understandable since many portions of the reports supported appellants' claims that Tanya fantasized the incidents. Appellants waived objection to admission of the reports. (See *Contra Costa County Flood Control & Water Conserv. Dist.* v. *Armstrong* (1961) 193 Cal.App.2d 206, 211 [14 Cal.Rptr. 68]; *Estate of Hastings* (1929) 206 Cal. 524, 526 [274 P. 973]; Evid. Code, § 353.)

## Sufficiency of Evidence

Finally, appellants contend the evidence is insufficient to support the trial court's orders. ■ On appeal we must indulge in all reasonable inferences to support the findings of the juvenile court and must view the record in the light most favorable to the trial court's orders. (*In re Luwanna S.* (1973) 31 Cal.App.3d 112, 114 [107 Cal.Rptr. 62].) Basically appellants invite us to reweigh the evidence and to disbelieve Tanya's testimony. There is nothing inherently improbable or incredible about her testimony that on numerous occasions over the past year her stepfather placed his penis in her mouth. He would do it in his bedroom behind a closed door when Tanya's mother was gone. He told her to keep it a secret and promised her a hula hoop if she would. Prior to trial he told her not to tell the truth. Her testimony that the stepfather had placed his penis between her legs was corroborated by her mother's finding blood when she examined Tanya's vaginal area. Appellants contend there were inconsistencies in Tanya's testimony but this is understandable with an eight-year-old witness. It is solely the function of the trial court to weigh these inconsistencies and determine the credibility of Tanya as a witness. (*People* v. *Pike, supra*, 183 Cal.App.2d 729, 733.)

The orders appealed from are affirmed.

Kaus, P. J., and Stephens, J., concurred.