[Crim. No. 88. First Appellate District.—June 1, 1907.]

## THE PEOPLE, Respondent, v. WILLIAM H. COLLINS, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—SUFFICIENCY OF INFORMATION.—An information charging an assault with intent to commit rape upon a female child of the age of six years, which states the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what was intended, is sufficient.

ID.—ASSAULT UPON FEMALE CHILD—ABSENCE OF CONSENT—RESISTANCE BY LAW.—An assault with intent to commit rape upon a female child under the age of sixteen years cannot be by consent, as the law resists for her.

ID.—INTENT TO COMMIT RAPE—CIRCUMSTANTIAL EVIDENCE.—The intent to commit rape need not be proved by direct evidence. It is a question of fact, and may be proved by inference from the acts and conduct of the defendant, and the circumstances of the case.

ID.—COMPETENCY OF WITNESS OF TENDER YEARS—DISCRETION.—The question of the competency of a witness of tender years is one peculiarly within the discretion of the trial court.

ID.—SWEARING OF WITNESS—OBJECTION UPON APPEAL.—Where there is nothing in the record to show that the child was not sworn, and the bill of exception states that she was sworn, and no objection was made to the testimony of the child on the ground that she was not sworn, no objection to her testimony on that ground can be raised for the first time upon appeal.

ID.—EXAMINATION OF CHILD—ADMONITION OF DEFENDANT'S COUNSEL.—During the examination of the timid child, the court properly admonished the defendant's counsel not to stand within the railing, when the child was thereby disconcerted.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

H. A. Krouse, for Appellant.

U. S. Webb, Attorney General, and W. H. Cobb, for Respondent.

COOPER, P. J.—The information charges the defendant with assault with intent to commit rape, the charging part being as follows: "Said William H. Collins . . . unlawfully, violently and feloniously did make an assault upon one Katie Simonetti, a female under the age of sixteen years, to wit, of the age of six years, who was not then or there the wife of said William H. Collins, with the intent then and there feloniously and by force and violence to carnally know and ravish the said Katie Simonetti and accomplish with her an act of sexual intercourse against her will, without her consent and by force, contrary to the form, etc."

Defendant's counsel insists that the information is not sufficient, because it does not allege that the assault was an attempt to commit a violent injury upon the person of the child so as to show an assault as defined in section 240 of the Penal Code.

There was no demurrer to the information, and the point is for the first time raised in this court. However, we are of the opinion that the information is sufficient. It substantially follows the language of the statute, which is: "Every person who assaults another with intent to commit rape, etc." (Pen. Code, sec. 220.) It states the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. In such case the information is sufficient. The word "assault" as used in the statute implies force by the assailant, and resistance by the one assaulted. It has always been held in this state that where a crime like this is charged to have been committed upon a child under sixteen years of age, there can be no consent, as the law resists for her. (*People* v. *Verdegreen,* 106 Cal. 215, [46 Am. St. Rep. 234, 39 Pac. 607]; *People* v. *Vann,* 129 Cal. 118, [61 Pac. 776].) It is not necessary for courts to draw fine analytical distinctions between an attempt to commit an offense and an assault with intent to commit such offense. (*People* v. *Lee Kong,* 95 Cal. 666, [29 Am. St. Rep. 165, 30 Pac. 800]; *People* v. *Christian,* 101 Cal. 471, [35 Pac. 1043].)

We have carefully examined the evidence, and find it sufficient to support the verdict. Without going into minute detail, there is evidence tending to show the following facts: Defendant roomed on the third floor of a lodging-house at

694 Fourth street, in the city of San Francisco. About 9 o'clock, or a little before, in the evening he was seen going upstairs to his room carrying two little girls in his arms, of which the child upon whom the assault is alleged to have been made was one. He remained in the room for some twenty minutes, and came downstairs with both children in his arms. The child upon whom the assault is alleged to have been made went home, and immediately complained to her mother that the defendant had hurt her, showing the mother her private parts. The mother examined her person, and found the parts red, but did not notice any blood or bruises of any kind. The child testified that defendant got down on his knees, and took up her clothes, and put something in her private parts which hurt her; that he took down her "panties" and took his thing out of his pants; that she was scared, but did not cry, because defendant held her mouth. The police officer to whom complaint was made on the same evening visited the room of defendant at 9:30, and again at 12:30, but did not find defendant there. On the following evening, about half-past 7, he met the defendant and asked him about the matter, and defendant denied that he had the two little girls in his room on the evening of the 8th, or that he was there himself.

Defendant, in his testimony, admits that he had the two little girls up in his room at the time alleged, and attempted to explain it by saying that he took them up to see his own little girl. But as his own wife and little girl were not there at the time, the explanation may very well have been such as not to be believed by the jury.

Defendant further testified as to leaving his room on the evening of the 8th a little before 9 o'clock, and that he went with a Mr. Kaiser to Fifth and Townsend streets, and stayed there until half-past 12 that night, and that at 2 o'clock A. M. he went with Kaiser to Fourth and Bluxome streets. He does not appear to have gone to his room any more that night.

It is argued that as the child had not been torn or penetrated, defendant could not have actually tried to have sexual intercourse with her. What his intentions were was a question particularly for the jury. The jury heard the evidence, saw the witnesses and the defendant when he was tes-

tifying in his own behalf. The facts in this case are very similar to the facts in *People* v. *Johnson,* 131 Cal. 511, [63 Pac. 842], and that case is direct authority for the view we have taken in this case. It was there said: "The defendant assaulted the child. Being under sixteen years of age she was incapable of consenting, and therefore the assault in law was without her consent. If he had in fact had sexual intercourse with her he would have been guilty of rape. As he did not have sexual intercourse with her, but did assault her, the question as to his intent was to be determined by all the circumstances and by the acts of defendant. The fact that defendant unbuttoned his trousers, that he took out his private parts, and that he wanted to have sexual intercourse with the child, were sufficient to justify the jury in drawing the logical, rational conclusion that defendant's object was to have sexual intercourse with the child. Whether he desisted because he had satisfied his morbid depraved passions in the manner described in the evidence, or because he was afraid of an outcry from the child, or because of his impotence, are all matters of conjecture. We do not think the crime charged against this defendant, and of which he was convicted, is of such a nature that we should attempt to shield him upon imaginary reasons, or upon a theory that might possibly account for his acts as being done with the intent only to gratify an unnatural desire. We must suppose that his acts were done with the purpose and desire that would ordinarily characterize the acts of an individual of the male sex when such acts were done with one of the female sex. That a man should entice a little girl into his room, undress her, and fondle her for the purpose of gratifying an unnatural desire, and not for the purpose of having sexual intercourse, is possible, but not at all probable. The intent of a person cannot be proven by direct and positive evidence. It is a question of fact to be proven like any other fact, by acts, conduct and circumstances."

It is contended that the record does not show that Katie Simonetti was sworn, and further that her examination showed that she was of tender age, and incapable of receiving just impressions of the facts respecting which she was examined, or of relating them truly. The minutes of the trial do not show that she was sworn, but the bill of exceptions

5 Cal. App.—42

shows that she was examined as to her competency before being sworn, and that after such examination she "was duly sworn." Counsel, in the discharge of their duty, owe it to the court not to raise and discuss a point entirely devoid of merit, especially where the record does not sustain the statement. It is an elementary principle, supposed to be understood by every member of the bar, that if no objections were made to the testimony of a witness, and the testimony was given without the witness being sworn, the objection could not be made for the first time in this court. Here the record does not show that the witness was not sworn, nor that any objection was made to her evidence upon this ground, and the bill of exceptions shows that she was sworn.

Equally without merit is the contention that the court erred in allowing the child to testify. She was carefully examined by the judge, and her examination shows that she was capable of receiving just impressions of the facts, and knew and understood them sufficiently to give her version of them. The question as to the competency of a witness of tender years is one peculiarly within the discretion of the trial court. (*People* v. *Wilmot,* 139 Cal. 103, [72 Pac. 838]; *People* v. *Craig,* 111 Cal. 460, [44 Pac. 186]; *People* v. *Bradford,* 1 Cal. App. 41, [81 Pac. 712].)

It is claimed that "the most glaring and prejudicial error and deprivation of the right to a fair and impartial trial" occurred when the court requested the defendant's attorney not to step within the railing where the little girl was being examined as a witness, and to take his seat. From our information as contained in the record, we are of opinion that the court properly admonished counsel. The child was timid, and both the counsel for the prosecution and the judge were endeavoring to get her to narrate in her own way what occurred. Defendant's counsel had interrupted time and time again with needless objections devoid of merit. Finally, when counsel arose and walked up inside the railing and near the child, the judge informed him that he had "the right to make any objection, but your activity inside the railing disconcerts the witness." It does not appear that counsel could not hear the answers of the witness. The court seems to have been very liberal with him, as he was allowed to ask questions in

cross-examination which take up page upon page of the transcript with no apparent merit.

Many other questions are raised in the brief, but are as devoid of merit as those we have discussed.

The judgment and order are affirmed.

Hall, J., and Kerrigan, J., concurred.