[Crim. No. 4294.   Second Dist., Div. Two.   Mar. 10, 1949.]

THE PEOPLE, Respondent, v. ROBERT LEROY ALESHIRE, Appellant.

G. Vernon Brumbaugh for Appellant.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

McCOMB, J.—This is an appeal from an order denying a motion for a new trial following a judgment, of guilty of violating section 288 of the Penal Code, after trial before the court without a jury.

Viewing the evidence most favorable to the People (respondent) the essential facts are:

In May, 1948, defendant took a female child of the age of 7 years into his dark room where he developed photographic negatives. The room was dark and the child was dressed in her sleepers. He placed her on a high stool, sucked her navel and placed her hand upon his private parts.

### QUESTIONS PRESENTED FOR DETERMINATION

 First: *Is the evidence insufficient to sustain the judgment because the testimony of the prosecutrix is inherently improbable?*

This question must be answered in the negative. The law is settled that the prosecutrix' testimony in support of

a charge of violating section 288 of the Penal Code need not be corroborated. (*People* v. *Carlson*, 73 Cal.App.2d 933, 935 [167 P.2d 812].)

In the present case the prosecuting witness gave direct evidence of each of the facts set forth above. This testimony constituted substantial evidence sufficient to sustain the judgment. Conflicting evidence, uncertainties in the manner of testimony and similar matters were for the determination of the trier of fact whose conclusion supported by substantial evidence as in the instant case is binding upon an appellate court. (*People* v. *Pianezzi*, 42 Cal.App.2d 270, 277 [108 P.2d 685].)

██ Likewise the question of whether the prosecuting witness was testifying as to facts of her own knowledge or on coaching by her mother was to be determined by the trier of fact.

In the instant case on cross-examination the prosecuting witness was asked if she had testified in a certain way at the preliminary hearing, to which she replied ''no'' and then answered ''yes.'' When asked by counsel for defendant if she changed her testimony from ''no'' to ''yes'' because her mother shook her head she replied that she did. This, however, related merely to a particular portion of the testimony previously given by the prosecuting witness at the preliminary examination which was being used by counsel for defendant for the purpose of impeaching the testimony of the prosecutrix. The prosecuting witness specifically stated upon questioning by counsel for defendant that she was told by her mother to tell the truth, and that her mother had not told her what to say in court.

The trial judge's determination, with the impeaching evidence before him, that the prosecuting witness was telling the truth is binding upon an appellate court in view of the fact that there was substantial evidence to sustain such finding.

It is obvious that there is nothing inherently improbable in the story told by the prosecutrix.

██ Second: *Was the prosecutrix a competent witness under section 1880, subdivision 2 of the Code of Civil Procedure?**

---

*Section 1880, subdivision 2 of the Code of Civil Procedure reads as follows: ''The following persons cannot be witnesses: . . . 2. Children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly.''

This question must be answered in the affirmative. The prosecutrix testified that she knew what it was to tell the truth, what it was to tell a lie and that she knew what it was to take an oath. She was then sworn and *testified without objection upon the part of defendant.* ▮ If objection to the competency of a witness is not made in the trial court any objection to the witness' competency will be deemed to have been waived and cannot be considered for the first time on appeal. (*People* v. *Singh*, 182 Cal. 457, 484 [188 P. 987]; *People* v. *Collins*, 5 Cal.App. 654, 658 [91 P. 158]; *People* v. *Horowitz*, 70 Cal.App.2d 675, 696 [161 P.2d 833]; *Cf., People* v. *Evans*, 63 Cal.App. 777, 782 [220 P. 309].)

In view of the fact that defendant failed to object in the trial court to the prosecuting witness' testimony on the ground that she was not a competent witness, under the above stated rule he has waived the right to urge in this court that it was error for the trial judge to permit her to testify.

*Third*: *Did the trial court commit prejudicial error in permitting the prosecuting witness' mother over objection to answer the following questions*:

"Q. Mrs. Zets, did your daughter have any particular name with relation to the private parts of a man or a woman? Mr. Brumbaugh: [a] To which I object as calling for a conclusion of the witness and not the best evidence. The Court: The objection will be overruled. The Witness: Yes, she does. Q. by Mr. Lucas: Please tell us what that word is. Mr. Brumbaugh: [b] I object also on the ground there is no proper foundation laid and it is calling for a conclusion of the witness. The Court: The objection will be overruled. A. She calls it 'Pudah.' "

This question must also be answered in the negative.

▮ (a) The objection to the first question as calling for a conclusion of the witness and not the best evidence was properly overruled. The question did not call for the conclusion of the witness but for a fact, to wit, whether she knew or did not know her daughter had a particular name for the private parts of a man or woman. The "best evidence rule" is not in any way pertinent to the first question asked the witness. (See Code Civ. Proc., § 1937; 4 Wigmore on Evidence (3d ed. 1940) § 1173 et seq., p. 301, 10 Cal.Jur. (1923) § 132 et seq., p. 850.)

▮ (b) The objection to the second question that there was "no proper foundation laid" is clearly untenable because

the witness by answering the prior question had laid a proper foundation to answer the second question. For the reason stated under (a), *supra*, the second question did not call for a conclusion of the witness but for a statement of fact. (See *People* v. *Delaney*, 52 Cal.App. 765, 779 [199 P. 896].)

The order is affirmed.

Moore, P. J., and Wilson, J., concurred.