[Crim. No. 3089.   First Dist., Div. Two.   June 20, 1955.]

THE PEOPLE, Respondent, v. LON CLUTTER, Appellant.

Robert C. Dunn and William P. Dunn for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), John T. Rudden, Assistant District Attorney, and Edward Walsh, Deputy District Attorney, for Respondent.

NOURSE, P. J.—Defendant was tried to a jury on two informations charging a violation of section 288 of the Penal Code committed upon his two daughters—one aged 12 years, the other aged 10 years. The jury found the defendant not guilty of the charge relating to the older girl, and guilty as to the younger. After the verdict defendant moved for a new trial, and for probation. Both were denied. He then

asked for an examination as a sexual psychopath. The examination was negative. His appeal here is from the judgment on the verdict and from the order denying a new trial.

The grounds urged are that the evidence is insufficient because it was not shown what hour, or day, the act was committed; because there was no proof of specific intent on the part of appellant; and because the little girl's testimony was not corroborated. No one of the grounds has any merit. ■ The evidence is that the act occurred on June 28th after the father had retired for the night in the same bed with his daughter. ■ Proof of the defendant's intent is found in the girl's testimony that he directed the girl to join him in the bed, that he fondled her private parts with his hand, and then committed a rape by inserting his private part in hers sufficient to rupture and destroy the hymen. Appellant does not suggest what intent he might have had by these acts other than the intent to commit rape as charged in the information. No one of the authorities cited which hold that intent must be proved is applicable here because the unlawful intent is manifest from the actions proved.

■ There is no possible theory upon which appellant can support his claim that the testimony of the prosecutrix should have been corroborated. The law is settled to the contrary. (*People* v. *Aleshire*, 90 Cal.App.2d 506, 507 [203 P.2d 569].)

Judgment and order affirmed.

Kaufman, J., concurred.

DOOLING, J.—I concur. The testimony of the little girl was not as clear or direct on all points as the majority opinion would make it appear but her testimony in the essentials was sufficient in my opinion to support the verdict.