[Crim. No. 2599.   Third Dist.   Nov. 3, 1955.]

THE PEOPLE, Respondent, v. LUTHER CARPENTER, Appellant.

Jack Odbert, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

*Assigned by Chairman of Judicial Council.

McMURRAY, J. pro tem.*—This is an appeal from an order denying a motion for new trial and from the judgment entered upon the jury's verdict of guilty of violating section 288 of the Penal Code.

Viewing the evidence in a light most favorable to the People (respondent) the facts are that on July 2, 1954, defendant, a 64-year-old man, committed rape upon the person of an 8-year-old girl who made no outcry or complaint at the time of the offense nor until a vaginal infection was discovered on July 7, 1954, at which time she was examined by a physician.

The act took place in a toilet on the back porch of the home in which defendant and the victim both lived and was accomplished in the presence of a 2-year-old girl who had accompanied the victim to the toilet.

Appellant urges that the victim was incompetent to act as a witness; that the evidence is not sufficient to support the verdict and that the verdict was based on passion and prejudice.

The question of the competence of a child to testify is governed by section 1880, subdivision 2, of the Code of Civil Procedure, which reads as follows:

"The following persons cannot be witnesses:

. . . . . . . . . . . .

"2. Children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly."

The right to make the determination as to the competence of a child under 10 rests with the trial judge and where, as here, he examines the child for competence and thereafter testimony is received without objection,

". . . any objection to the witness' competency will be deemed to have been waived and cannot be considered for the first time on appeal. (*People* v. *Singh*, 182 Cal. 457, 484 [188 P. 987] ; *People* v. *Collins*, 5 Cal.App. 654, 658 [91 P. 158] ; *People* v. *Horowitz*, 70 Cal.App.2d 675, 696 [161 P.2d 833] ; *cf.*, *People* v. *Evans*, 63 Cal.App. 777, 782 [220 P. 309].)

"In view of the fact that defendant failed to object in the trial court to the prosecuting witness' testimony on the ground that she was not a competent witness, under the above stated rule he has waived the right to urge in this court that

*Assigned by Chairman of Judicial Council.

it was error for the trial judge to permit her to testify.'' (*People* v. *Aleshire,* 90 Cal.App.2d 506, 509 [203 P.2d 569].)

Appellant's attack upon the sufficiency of the evidence to support the verdict resolves itself into an argument that the child's testimony was inherently improbable, and was the result of coaching rather than a relation of true facts. This contention is not a matter which should be determined by this court in the absence of a positive showing of abuse of power by the trial judge or jury. There is no such showing here. ▮ Merely because the circumstances of a crime are bizarre or unusual does not render testimony to that effect inherently improbable; the testimony must be of such a nature that it is unbelievable upon its face or is physically impossible. (*People* v. *Lindsey,* 90 Cal.App.2d 558, 563 [203 P.2d 572].) Appellant urges that the lack of outcry at the time of the act alleged renders the testimony inherently improbable. He overlooks, however, the physician's testimony to the effect that such an act might not cause such great pain to an 8-year-old girl as to cause her to cry out. ▮ Whether or not the witness' testimony was the result of coaching or was a true relation of facts was a question for the jury. (*People* v. *Aleshire, supra.*)

The jury and the trial judge resolved the considerable conflict in the evidence against appellant. There is no evidence of any passion or prejudice in the record.

The order and the judgment appealed from are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.