*182
 
 ASHBURN, J.
 

 Defendant was convicted, in a nonjury trial, of violating section 288 of the Penal Code.
 
 [1]
 
 The lewd and lascivious acts of which he was convicted were committed upon the body of his 8½-year-old daughter.
 

 The only question here raised is whether the trial court abused its discretion in permitting the child to testify. Relying upon
 
 People
 
 v.
 
 Bernal,
 
 10 Cal. 66, appellant contends that the witness did not appreciate the “nature, obligation and solemnity of an oath.” Section 1880, Code of Civil Procedure, provides that children under 10 years of age cannot be witnesses if they “appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly.” Under this section it is the duty of the trial judge to determine whether a 'child under 10 years is a competent witness.
 
 (People
 
 v.
 
 Loignon,
 
 160 Cal.App.2d 412, 418 [325 P.2d 541] ;
 
 People
 
 v.
 
 Ernst,
 
 121 Cal.App.2d 287, 290 [263 P.2d 114].)
 

 Upon stipulation, the case was submitted upon the transcript of the preliminary examination, subject to the right to present further evidence. The record shows that, at the preliminary hearing, the child was called as a witness by the prosecution; an examination was conducted by the court at the conclusion of which the judge determined that “she is qualified to testify.” No attempt to challenge the competency of this witness was made during this examination, and the witness proceeded to testify without any objection on the part of appellant.
 

 “ The right to make the determintion as to the competence of a child under 10 rests .with the trial judge and where, as here, he examines the child for competence and thereafter testimony is received without objection, ‘. . . any objection to the witness’ competency will be deemed to have been waived and cannot be considered for the first time on appeal.
 
 (People
 
 V.
 
 Singh,
 
 182 Cal. 457, 484 [188 P. 987] ;
 
 People
 
 v.
 
 Collins,
 
 5 Cal.App. 654, 658 [91 P. 158]
 
 ;
 
 People v.
 
 Horowitz,
 
 70 Cal.App.2d 675, 696 [161 P.2d 833];
 
 of., People
 
 v.
 
 Evans,
 
 63 Cal.App. 777, 782 [220 P. 309].)
 

 “ ‘In view of the fact that defendant failed to object in
 
 *183
 
 the trial court to the prosecuting witness’ testimony on the ground that she was not a competent witness, under the above stated rule he has waived the right to urge in this court that it was error for the trial judge to permit her to testify.’
 
 (People
 
 v.
 
 Aleshire,
 
 90 Cal.App.2d 506, 509 [203 P.2d 569].)”
 
 (People
 
 v.
 
 Carpenter,
 
 136 Cal.App.2d 726, 727-728 [289 P.2d 251].)
 

 In the instant case, appellant not only failed to challenge or object to the witness’ qualifications upon the preliminary examination, but stipulated in the trial court that the People’s ease in chief could be submitted “on the testimony taken at the preliminary hearing in this matter with the same force and effect as if the witnesses who were called, sworn and testified there were deemed to have been called, sworn and testified here in like manner.” No objections were interposed in the trial court. As stated in
 
 People
 
 v.
 
 Graves,
 
 84 Cal.App.2d 531, 535 [191 P.2d 32] : “Apparently it is appellant’s contention that even though he stipulated that the People’s case might be submitted upon the testimony taken at the preliminary examination, and even though at the trial he made no objection to or motion to strike out that testimony, the trial judge should have announced or in some manner indicated that he would not follow that particular ruling of the committing magistrate. There was no such responsibility on the part of the trial judge. It was the duty of appellant to object to such testimony as he deemed objectionable. The trial judge was entitled to rely, in the absence of an objection to particular testimony, upon the stipulation that the People’s ease was submitted on the testimony taken at the preliminary examination.” (See also
 
 People
 
 v.
 
 Brown,
 
 145 Cal.App.2d 778, 782 [303 P.2d 68] ; Frieke, California Criminal Evidence, 3d ed., p. 234.)
 

 Appellant waived any objection to the competency of the witness and cannot urge error in this respect for the first time upon this appeal.
 

 Judgment affirmed.
 

 Fox, P. J., and Herndon, J., concurred.
 

 [1]
 

 Penal Code § 288: "Any person who shall wilfully and lewdly commit any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with, the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of • a felony.
 
 . .