[Crim. No. 12624.   Second Dist., Div. One.   Mar. 16, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN JOSEPH SIEGFRIED, Defendant and Appellant.

Ray L. Smith for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and David Gould, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of receiving stolen property. (Pen. Code, § 496.)

In an information filed in Los Angeles County on July 9, 1965, defendant was charged with receiving certain stolen clothing on or about June 16, 1965. Defendant pleaded not guilty and after numerous continuances (the most of which were at the request of defendant) the cause came on for trial on May 3, 1966. It was then stipulated that the cause be submitted on the testimony contained in the transcript of the proceedings had at the preliminary hearing. On May 13, 1966, defendant was found guilty as charged. Defendant was sentenced on July 21, 1966, to the state prison. A timely notice of appeal was filed.

A résumé of some of the facts is as follows:

On June 7, 1965, at about 10 :00 p.m., Hal Stearns, the owner of Hal's Clothing Store on Van Nuys Boulevard, was in the store with the store manager and two customers. Two robbers came into the store with guns in their hands and ordered the occupants to lie down in the back room, took the money and jewelry of the occupants, took the money from the cash register and took between 500 and 550 men's suits.

Alex Katzman bought a suit and sport coat from defendant at a residence in Gardena on June 15, 1965. Katzman paid $55 for the suit and $35 for the sport coat. The next day Katzman returned to defendant's residence and bought another sport coat from defendant and paid for the same by check.

On the latter date at about 8 p.m., Officer Ide, of the Los Angeles Police Department, assigned to Van Nuys Detectives, received a telephone call from the desk sergeant at the station. Sergeant Close told Officer Ide that Officer Lawrence, of the Gardena Police Department, had called and had in-

formation from an informant that someone was selling suits taken in a Van Nuys robbery in Gardena. The information indicated that the merchandise was to be moved from the apartment within the hour.

Mrs. Breetwor arrived at the defendant's address after 9 p.m. Defendant arrived there about five minutes later. She was shown a sport coat, size 42 regular, by defendant. She paid defendant $55 for the coat. At that time there were about 50 other suits in the apartment.

Officer Ide with his officer partner Ayres, arrived at the defendant's apartment address after 9 p.m. and there met Officer Lawrence who already had the area staked out. When Mrs. Breetwor and her husband left defendant's apartment they were stopped by Officer Ide. The officers were told by one of the Breetwors that they had acquired the clothing from defendant.

At about 10 p.m. the officers approached the front door of defendant's premises and one of the officers knocked on the door. A young woman named Castardo opened the door and as the officers entered the upstairs bedroom they saw defendant and a rack completely filled with men's clothing. The rack contained 35 suits, 33 of which had labels from Hal's Men Shop as had 18 of the sport coats. Defendant was then placed under arrest.

Officer Ayres advised defendant "that he had the right to remain silent, the right to an attorney and that anything he told us could be used against him in any subsequent prosecution." Defendant was asked how he came into possession of the clothes and he stated:

". . . that approximately two nights previous in the Monterey Club in Gardena he had been approached by two men who appeared to be Italian, both about twenty-two or twenty-three years old, driving an old model Chevrolet, '52.

"He said they had asked him if he would keep some suits for them and he agreed to do this.

"He stated that they later brought the suits to his apartment and left them there.

"And they were going to contact him at a later date to pick up the clothing.

"He did not know their names. He had never seen them prior to this."

Appellant now asserts that the evidence is insufficient to support the judgment, that it was error to receive the exhibits (1 through 6) into evidence as they were the fruits of an

illegal search and that it was error to receive into evidence the statement of defendant as he had not properly been advised of his constitutional rights.

The elements of the offense of receiving stolen property are generally that (1) the property found in the possession of the accused was acquired by means of theft or extortion; (2) the accused received, concealed or withheld such property from its owners; and (3) the accused knew that the property was stolen. (*People* v. *Candiotto,* 183 Cal.App.2d 348, 349 [6 Cal.Rptr. 876].)

The testimony of Hal Stearns, the owner of the store, is substantial evidence that the clothing found in the possession of the appellant was acquired from Stearns by means of robbery. Appellant received the goods, they were in his bedroom and he was exercising dominion and control over the goods. The requisite guilty knowledge can be inferred from circumstantial evidence.

" ' . . . " [P]ossession of stolen property, accompanied by no explanation, or an unsatisfactory explanation of the possession, or by suspicious circumstances, will justify an inference that the goods were received with knowledge that they had been stolen. The rule is generally applied where the accused is found in possession of the articles soon after they were stolen." ' " (*People* v. *Azevedo,* 218 Cal.App.2d 483, 491 [32 Cal.Rptr. 748].)

In the case at bench the explanation of appellant as to how he came into possession of the clothing is to say the least "unsatisfactory" and in the absence of a satisfactory explanation an inference of guilty knowledge was warranted. (*People* v. *Juehling,* 10 Cal.App.2d 527, 531 [52 P.2d 520].) Appellant stated that he had received the clothing two days before, which would have been June 14, 1965. The robbery at the store occurred on June 7, 1965, and most of the suits and clothing in defendant's possession had the "Hal's Men Store" labels still on them. It was wholly proper to infer knowledge of the stolen character of the clothing.

Appellant also contends that the arrest was improper because there was no showing of a reliable informant. As the trial judge pointed out in his remarks, the information supplied by the informant was in considerable part corroborated by the observations of the arresting officers. The clothing which the Breetwors exhibited to the officers came from "Hal's Clothing Store" and had the store's "sleeve ticket" still on it. There was sufficient corroboration of the informant's in-

formation to make reliance upon the information reasonable. (*Willson* v. *Superior Court,* 46 Cal.2d 291, 294 [294 P.2d 36]; *People* v. *Reeves,* 61 Cal.2d 268, 273-274 [38 Cal.Rptr. 1, 391 P.2d 393].) There was probable cause to make the arrest.

Appellant lastly argues that he was not advised of his constitutional rights. The admonition given by the officer complied with *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. In any event the evidence was received without objection and appellant cannot complain of the receipt of such evidence for the first time on appeal. (*People* v. *Merkouris,* 46 Cal.2d 540, 558 [297 P.2d 999]; *People* v. *Hillery,* 62 Cal.2d 692, 711 [44 Cal.Rptr. 30, 401 P.2d 382].)

The only objection made at all was at the preliminary hearing upon the grounds that no corpus delicti was established. This did not go to whether appellant was properly advised of his constitutional rights. Even assuming that the objection was properly taken at the preliminary hearing, the failure to reassert it in the superior court at the time of submission of the cause on the transcript waived any objection. (*People* v. *Graves,* 84 Cal.App.2d 531, 535 [191 P.2d 32]; *People* v. *Jackson,* 177 Cal.App.2d 181, 183 [1 Cal.Rptr. 857]; *People* v. *Miller,* 205 Cal.App.2d 116, 121-122 [22 Cal.Rptr. 786].)

At the time of sentencing the judge referred to the fact that appellant had a serious prior conviction although for some reason not apparent from the record that prior conviction was not charged in the information. The judge further stated, after reviewing appellant's record, that appellant was a ". . . professional criminal, sophisticated criminal, one who engages in crimes involving the cheating of persons." A reading of the file, which this court has done, amply supports the trial judge's view. Appellant was fairly and properly convicted.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.