[Crim. No. 16518. Second Dist., Div. Five. May 1, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
ELVIN RAY VALLEE, Defendant and Appellant.

## COUNSEL

Harvey A. Sniderman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and James H. Kline, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

### BRANDLER, J.*—

#### Statement of the Case

By information defendant and codefendant Shipman were charged in count I with burglary and in count II with receiving stolen property. A motion under Penal Code section 995 was argued and granted as to count I and denied as to count II. The information was amended to charge defendant with two prior felony convictions in Texas. Defendant was arraigned and denied both priors. A motion under Penal Code section 1538.5 was

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

argued and denied. A motion to dismiss under Penal Code section 1382 was denied. Trial by jury was waived, and by stipulation the case was submitted on the transcript of the proceedings at the preliminary examination. Defendant was found guilty of receiving stolen property (count II); no disposition was made of the priors; defendant's motion for a new trial was denied, probation was denied, and defendant was sentenced to state prison. Defendant appeals from the judgment.

## Statement of Facts

Mrs. Higgins, an employee of Dr. Emery, who operates a private cancer clinic at 615 South Westlake, identified two photographs as those of a photocopy machine which was taken from the clinic and returned by the police.

Rudolf Williams, a Yellow Cab driver, picked up three passengers, Dennis, a transvestite, defendant, and codefendant Shipman on July 30, 1968, at 2711 Ellendale. The two men carried into the cab what looked like a typewriter wrapped with a towel or blanket. While in the cab Mr. Williams heard defendant and codefendant Shipman say that they had changed the tape or the ribbon of the machine. Mr. Williams was stopped by the police around 25th and Hoover because his taillight was out. The police asked the cab driver if everything was all right and he said, "Yes, as far as I am concerned." The police asked the cab driver who the passengers were, and when the cab driver could not identify them the police looked inside the cab. Mr. Williams testified that when the police asked if they could look around he told them they could look in the cab at his trip sheet. Officer Bollinger testified that he stopped the cab on July 30 for two reasons, first because the right rear taillight was inoperative and secondly because an inoperative taillight is sometimes a signal that a robbery may be in progress and that the driver is in distress. The cab driver told the officers (after the cab was stopped) that Dennis had said he had picked up his typewriter and would it be all right to bring the typewriter with them in the cab. When the officer walked over to the cab he saw a machine exposed at both ends with a housecoat tied around it, and he formed the opinion that it was not a typewriter. The officer testified also that he had had prior information of numerous burglaries in that area of business-type machines. The officer asked defendant to alight from the vehicle so that he could investigate the possibility of a burglary and to insure that he had no weapons, because he was still not satisfied with the cab driver's statement that he was not in distress since he had seen Dennis and the two men one hour earlier at Olympic and Alvarado. The officer identified a photograph of the machine as the photocopy machine that he had seen in the cab. Defendant and Shipman were arrested about 2:15 a.m.

## Defense

Defendant testified that he saw codefendant Shipman at 12 or 12:30 the night of July 30 on Sixth Street and saw him again about 1 a.m. when Shipman was with Dennis. Dennis asked defendant to go to 2711 Ellendale and the three of them went there in a cab to Dennis' residence. Defendant waited outside because Dennis asked him and Shipman to help carry a machine out to a cab. Dennis told defendant the machine was a typewriter. It was wrapped in a cloth. When the cab arrived, defendant and Shipman put the machine in the back seat and Dennis told the cab driver to go to 11th and Alvarado. The cab was stopped en route by the police. Defendant testified that he first learned that the machine was a photocopy machine the next day when the officers interrogated him and that he had no knowledge that the machine was stolen property.

## Contentions on Appeal

On appeal defendant contends that (1) he had no knowledge that the property was stolen; (2) he did not receive, conceal, or withhold the property; and (3) the motion to suppress the evidence was erroneously denied.

## Discussion

*The Evidence Is Sufficient to Support the Verdict.* ■ Before a conviction can be reversed on the ground of the insufficiency of the evidence, " 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below.' " (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

■ The appellate tribunal must assume, in support of the judgment, the existence of every fact which the trier of fact would have reasonably deduced from the evidence, and then determine whether the facts justify the inference of guilt. (*People* v. *Deysher,* 2 Cal.2d 141, 149 [40 P.2d 259].)

■ If the circumstances reasonably justify the determination of the trier of fact, the opinion of the reviewing court that the circumstances might also be reconciled with the innocence of the defendant will not warrant a reversal. (*People* v. *Newland, supra,* at p. 681.)

■ On appeal, the evidence and all the inferences reasonably to be drawn therefrom must be taken in the light most favorable to the judgment. (*People* v. *Kortopates,* 264 Cal.App.2d 176, 179 [70 Cal.Rptr. 189].)

■ The elements of the offense of receiving stolen property are: (1) the property found in the possession of the accused was acquired by means of

theft or extortion; (2) the accused received, concealed, or withheld such property from its owners; and (3) the accused knew that the property was stolen. (*People* v. *Siegfried,* 249 Cal.App.2d 489, 493 [57 Cal.Rptr. 423].)

■ Proof that property was received, concealed, or held with knowledge that it was stolen may be established from possession of stolen property, accompanied by an unsatisfactory explanation of the possession, or by suspicious circumstances. (*People* v. *Putty,* 251 Cal.App.2d 991, 997 [59 Cal.Rptr. 881].) This rule is generally applied where the accused is found in possession of the articles soon after they were stolen. (*People* v. *Siegfried, supra,* at p. 493.)

■ There was substantial evidence to sustain defendant's conviction of receiving stolen property since the trial court could reasonably have inferred from an analysis of the entire record that the defendant had received, concealed, or withheld the photocopy machine with knowledge that the property was stolen. He was found in possession of recently stolen property. Dennis, in defendant's presence, falsely stated to the cab driver that the photocopy machine was a typewriter. There was evidence that the machine was wrapped with a housecoat. Considering this evidence of suspicious circumstances, we cannot say that the trial court was in error in concluding that defendant knowingly possessed stolen property. (*People* v. *McFarland,* 58 Cal.2d 748, 754 [26 Cal.Rptr. 473, 376 P.2d 449].)

*Defendant's Motion to Suppress the Evidence Under Penal Code Section 1538.5 Was Properly Denied by the Trial Court:* Defendant concedes that the police had probable cause to stop the car and to question the driver because of the taillight traffic violation.

■ Where officers lawfully approach a vehicle and observe in plain view contraband or other evidence of crime they are warranted in searching the vehicle and in making an arrest. (See, e.g., *People* v. *Terry,* 70 Cal.2d 410 [77 Cal.Rptr. 460, 454 P.2d 36]; *People* v. *Muriel,* 268 Cal.App.2d 477, 479-480 [74 Cal.Rptr. 44]; *People* v. *Samaniego,* 263 Cal.App.2d 804, 811 [69 Cal.Rptr. 904]; *People* v. *Sackett,* 260 Cal.App.2d 307, 310-311 [67 Cal.Rptr. 157].)

■ The police officer, after lawfully stopping the car about 2 a.m., was told by the cab driver that he was hailed by the transvestite who told him that the wrapped package contained a typewriter. The officer, after viewing the machine, while still outside the cab, formed the opinion that the machine was not a typewriter. Having previous knowledge of numerous burglaries of business-type machines in that area, he had the right to ask the passengers to alight from the cab to investigate the possibility of a burglary. The

search of the cab and seizure of the photocopy machine therefore were not in violation of defendant's constitutional rights, and defendant's motion under section 1538.5 of the Penal Code was properly denied.

The judgment is affirmed.

Kaus, P. J., and Reppy, J., concurred.