Filed 9/11/13  In re Alfredo D. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re ALFREDO D., a Person Coming Under the Juvenile Court Law. | B246998 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ALFREDO D.,<br><br>        Defendant and Appellant. | (Los Angeles County<br>Super Ct. No. YJ37108) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Wayne C. Denton, Commissioner.  Affirmed.


Stephen Borgo, under appointment by the Court of Appeal, for Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle and Stacy S. Schwartz, Deputy Attorneys General, Attorneys for Respondent.

_____

The People filed a petition (Welf. & Inst. Code, § 602) alleging that Alfredo D. committed the offenses of possession of burglary tools and receiving stolen property. (Pen. Code, §§ 466; 496, subd. (a).)  The juvenile court dismissed the possession charge and sustained the petition for receiving stolen property.  We affirm.

## FACTS

At approximately 2:00 a.m., police officers responded to reports of individuals checking car door handles and entering a Ford Explorer.  Upon arriving at the scene, the officers found four individuals inside the car.  Alfredo was in the front passenger seat, another person was sitting in the seat behind him, and two others were lying down in the trunk area.  The officers detained all four individuals, searched the car, and found a flashlight, a wire-cutter, a pair of pliers, GPS systems, skateboards, and computers inside the car.  Additionally, the police found a removable center console located in the front passenger side seat, which contained a camera, sunglasses, business card, and the registration information of John Svetlik.

Svetlik lived down the street from where the police found the silver Explorer.  The police informed Svetlik about the items they found in Alfredo's possession.  Svetlik said the items belonged to him and that they were in his car when he checked it at 3:00 p.m. that afternoon.  He then checked his car, discovered that the door had been opened, and the items found in the center console were missing from the vehicle.

A petition alleging the offenses noted above was filed.  At the adjudication, the People presented evidence establishing the facts previously summarized.  Alfredo testified that the Explorer belonged to his friend, Crystal, who used to be his neighbor in Long Beach.[1]  Crystal was not called as a witness.  Alfredo said he could not get in touch with her prior to the court date.  He claimed that he ran into Crystal while he was walking around his neighborhood at approximately 8:00 p.m. that evening.  She proposed that they "cruise around."  After dropping off Crystal's friend in Wilmington, they had

---

[1] Crystal was not one of the four persons in the car when the police arrived. The police found a driver's license for Crystal Ibyerlein in the car and the vehicle's registration was also in her name.

planned to go to Redondo Beach. However, at around midnight, Crystal drove to where the police eventually found the car. She told Alfredo that she was going to see a friend and that she would return shortly. She never returned. Alfredo testified that he fell asleep in the car after 15 minutes, and awoke to the police car's headlights. Alfredo claimed that he never left the vehicle and was not involved in taking any property. He did not address how the stolen items came to be next to him inside the vehicle.

## DISCUSSION

Alfredo argues the evidence was not sufficient to support the juvenile court's judgment that he knew the property in his possession was stolen. We disagree.

"On appeal, we review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence . . . from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Snow* (2003) 30 Cal.4th 43, 66.) This standard of review applies to juvenile cases as well as those in which the prosecution relies mainly on circumstantial evidence. (*In re Roderick P.* (1972) 7 Cal.3d 801, 809; *People v. Maury* (2003) 30 Cal.4th 342, 396.)

In order to be convicted of receiving stolen property, it must be shown that (1) the property found in the possession of the accused was acquired by means of theft or extortion; (2) the accused received, concealed or withheld such property from its owners; and (3) the accused knew that the property was stolen. (*People v. Siegfried* (1967) 249 Cal.App.2d 489, 493.) "Knowledge that property was stolen can seldom be proved by direct evidence and resort must often be made to circumstantial evidence." (*People v. Vann* (1974) 12 Cal.3d 220, 224.) As to the circumstantial evidence, "'[p]ossession of recently stolen property is so incriminating that to warrant conviction there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show his guilt. [Citations.]'" (*Ibid.*) This corroboration can take the form of an unsatisfactory explanation of the possession or by suspicious circumstances. (*People v. McFarland* (1962) 58 Cal.2d 748, 754.)

3

Alfredo does not contest that he was in possession of the stolen property just hours after the items were stolen. As a result, we need only look to whether there was sufficient evidence to corroborate that Alfredo knew that the property was stolen. We find there is sufficient evidence.

*People v. Peters* (1982) 128 Cal.App.3d 75 (*Peters*) is instructive. In that case, police searched the defendant's car after he was arrested for robbing a restaurant. (*Id.* at p. 81.) Behind the driver's sun visor, police found a check-book, guarantee card, license and medical identification card belonging to individuals who had each been robbed on previous occasions. (*Ibid.*) While the defendant admitted to being in possession of the items, he claimed someone else placed the items in his car and that the circumstances were insufficient to prove that he had knowledge that the items were stolen. (*Id.* at p. 82.) The court found the evidence sufficient to prove knowledge because the items were found in the defendant's immediate vicinity behind the sun visor of his car. The court held that these were suspicious circumstances sufficient to show that the defendant knew the property in his possession was stolen. (*Id.* at p. 83.)

This case is analogous. Similar to *Peters*, Alfredo was found with the victim's registration paperwork, business card, camera, and sunglasses in a removable console in his immediate vicinity. Alfredo was found with these items just hours after the items were stolen, in a car parked on the same street as the car that had been broken into, by police officers who were responding to reports of individuals checking car door handles. Two people were hiding in the back of his car. We find the circumstances surrounding Alfredo's possession of the stolen property sufficient to support the conclusion that he knew the items were stolen.

Alfredo relies on *People v. Jolley* (1939) 35 Cal.App.2d 159, 163, to support his argument. In that case, the court held that the defendant's uncontradicted testimony negated any knowledge that the property was stolen because the circumstances surrounding defendant's possession were also insufficient to show such knowledge. (*Ibid*.) Here, the circumstances surrounding Alfredo's possession of the stolen items were sufficiently suspicious to prove his knowledge. As such, this case is not analogous.

4

"[W]hat constitutes a 'satisfactory' explanation of possession of the 'fruits' of a burglary or a larceny, is a question that primarily and impliedly must be answered by the [fact finder] in its verdict." (*People v. Juehling* (1935) 10 Cal.App.2d 527, 531-532.) We must accept logical inferences that the trier of fact drew from the circumstantial evidence. (*People v. Maury, supra,* 30 Cal.4th 342 at p. 396.) The trial court found Alfredo's testimony insufficient to explain the possession of the stolen property. We agree. When combined with the suspicious circumstances surrounding his possession of the stolen property, there is sufficient evidence to show that Alfredo knew the property was stolen.

## DISPOSITION

The judgment is affirmed.


                                        BIGELOW, P. J.

We concur:


        RUBIN, J.


        FLIER, J.


5