[No. 14019.   Department Two. — December 17, 1890.]

IN THE MATTER OF THE ESTATE OF MAN WO CHAN, DECEASED.

CONTEST OF WILL — EVIDENCE — FACTS NOT OCCURRING AT TRIAL — ARGUMENT OF COUNSEL. — Upon a contest of a will, the issue as to the validity of the will must be determined solely upon the evidence introduced at the trial; and the court cannot properly consider any facts not occurring at the trial, and which were stated for the first time in the argument of counsel.

ID. — NEW-TRIAL STATEMENT — AMENDMENTS — APPEAL — PRESUMPTION. — Where the judge who tried the contest of a will, and rendered judgment for the contestant, amended the statement on motion for new trial, against the objection of the proponent of the will, by inserting facts adverted to in the argument, but which were not proved or offered to be proved at the trial, it must be presumed upon appeal that the court, in coming to its conclusion, considered the facts contained in such amendment, and the judgment will be reversed.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Nourse & Short, Goucher & Jones, Theodore H. Hittell,* and *Edward J. Pringle,* for Appellant.

*Hinds & Merriam,* for Respondent.

McFARLAND, J. — This is an appeal by W. W. Gray, petitioner for the probate of a proposed will of Man Wo

Chan, deceased, from a judgment denying the admission of said will to probate, and from an order denying a new trial.

The only evidence in the case was that introduced by the appellant. Two persons testified that they were subscribing witnesses; and their testimony (if they were credible witnesses) might be sufficient to establish the due execution of the proposed will. Another witness also testified, with some degree of positiveness, that the signature to the will was that of the deceased. The contestant, E. H. Cox, who had been appointed and was administrator, did not introduce any evidence. Still, the court must have believed that the will was a forgery; for the only finding of fact is, "that the will propounded by said Gray is not genuine, and was not executed by said Man Wo Chan, deceased, in his lifetime." Of course the court below, sitting as a jury, was the judge of the credibility of the witnesses; and if the court had decided the issue upon the evidence before it, and had based its judgment upon a disbelief of the witnesses, we would not disturb it. It is evident, however, that the court considered matters not before it at all.

Appellant presented a statement on motion for new trial, which included the evidence and proceedings introduced and occurring on the trial of this contest between the appellant and the contestant, Cox. The statement then contains the following: "On motion of counsel for contestant, Cox, and against the objection of counsel for respondent, Gray, the following amendments *and facts that had been previously* shown in the case, viz., the estate of Man Wo Chan, and were adverted to on the argument of the will contest, were *made a part of this statement*, to the allowance of which amendments counsel for respondent duly excepted. The amendments are as follows." Then follow statements that Ah Qui, a brother of the deceased, had on a former occasion signed a request that Cox be appointed administrator; that there

had once been a contest between Cox and the public administrator, in which it had been *shown by testimony* that Mr. Hinds, attorney for Cox, had made particular search among the effects of the deceased for a will, and had made inquiry about it of his said brother, Ah Qui, and others, and that this will in contest was not produced, but that a certain other document was produced, which was not attested; and that the widow of deceased also requested the appointment of Cox as administrator, but died before the said contest between Cox and the public administrator had been heard. Of course these amendments should not have gone into the statement; for they confessedly contain things which did not occur at the trial. If contestant considered these things relevant and material, he should have offered to prove them, and appellant would have had the opportunity to object, or to disprove or explain them. The fact, for instance, that Ah Qui, who was a brother of deceased, and interested in the estate, and named in the proposed will, and who, according to the subscribing witnesses, was present when the will was made and took possession of it, made no mention afterwards of said will, and requested that Cox be appointed administrator, upon the theory that there was no will, may have had, and possibly did have, great weight with the court. And as the court put these amendments into the statement, it must be presumed that the court, in coming to its conclusion, considered the things which the amendments contained. It is apparent, therefore, that there was not a fair trial of the case. The appellant is entitled to have the issue as to the validity of the proposed will determined upon evidence introduced at the trial of such issue, and upon such evidence alone. For this reason, the judgment and order must be reversed.

Judgment and order reversed, and cause remanded for a new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.