[Civ. No. 5752. Second Appellate District, Division Two.—April 18, 1930.]

THE CITIZENS STATE BANK OF SANTA MONICA (a Corporation), Respondent, v. FELIX C. CASTRO et al., Defendants; ELLA S. BELTZHOOVER, Appellant.

Bernard Potter and G. C. Watson for Appellant.

Samuel J. Crawford for Respondent.

NORTON, J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff and respondent against the defendants for the recovery of the balance due upon two promissory notes executed by the defendants Castro and indorsed by the defendant Beltzhoover. The defendant Beltzhoover alone appeals from the judgment. Upon the trial she denied that she indorsed the notes, and contended that the indorsement of her name upon the notes was not in her handwriting. She presents two grounds for the reversal of the judgment: Insufficiency of the evi-

dence to justify the decision and irregularity in the proceedings of the court by which she was prevented from having a fair trial. While Mrs. Beltzhoover testified in the most positive manner that she did not indorse the notes for the Castros, the court was not bound by her testimony, and it was for the court to determine how much weight to accord it in view of all the evidence in the case. From the testimony and all the circumstances and evidence in the case the court was amply justified in concluding that she did indorse the notes, and the findings in that regard are fully supported. There is evidence to show, aside from the opinion evidence on the question of whether the indorsement was in her handwriting, that she negotiated the loan from the plaintiff bank for the Castros upon the understanding and agreement that she would indorse the notes for them; that she brought the notes to the bank with her indorsement upon them, and directed that the amount of the notes be credited to the Castros' account; that she took a note from the Castros secured by a chattel mortgage upon the property to secure her indorsement which she placed upon the note given the plaintiff and that she admitted having indorsed the notes.

After a careful reading of the record we are at loss to understand how any other view could be taken of the case than that finally adopted by the trial court.

█ The second point for reversal is predicated upon what occurred after plaintiff and appellant had rested their case. After counsel for appellant had concluded his argument, the trial judge, in discussing the case from the bench, indicated that he had been examining the questioned signature indorsed on the notes and comparing it with the exemplars in evidence, and had formed the opinion from his own study of the handwriting that it was not appellant's. Upon this candid disclosure by the judge of the opinion formed by him of the genuineness of Mrs. Beltzhoover's indorsement upon the notes arising from his independent examination of them during the course of the trial the attorney for respondent, after some discussion of the evidence with the judge, suggested that if he was in doubt he could appoint a professional expert. The court finally acted upon the suggestion and stated: "In order to avoid any embarrassment I think the best thing to do since counsel have agreed

to it is that I have an expert and I will name the expert without either side knowing about who he is prior to his coming into court and testifying.'' The case was thereupon continued, and in the interim the trial judge selected a handwriting expert, who appeared and testified when the trial was resumed upon the day to which it had been finally continued. If the proceedings resulting in a continuance of the case and the selection of a professional handwriting expert were in some of its features unique, the appellant made no objection thereto, and it does not appear that she was denied any of her legal rights. The professional handwriting expert was produced in open court, sworn and examined by the court. The appellant was accorded ample opportunity to test the accuracy of his opinion by cross-examination, and to rebut his testimony by other evidence if he chose to do so.

The court had the right to appoint a handwriting expert if he deemed the occasion required it. (Code Civ. Proc., sec. 1871.) And we find no irregularity in the proceeding that deprived appellant of a fair trial.

We have considered the other points raised and are satisfied that they are devoid of any merit.

Judgment affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.