[Civ. No. 19668. First Dist., Div. Two. June 20, 1961.]

CONTRA COSTA COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT, Appellant, v. FRANCES E. ARMSTRONG et al., Defendants; WILLIAM FORD et al., Respondents.

John A. Nejedly, District Attorney, and Charles L. Hemmings, Chief Civil Deputy, for Appellant.

James E. Cox and Tinning & DeLap for Respondents.

SHOEMAKER, J.—Plaintiff Contra Costa County Flood Control and Water Conservation District (hereafter referred to as "the District"), brought this action in eminent domain to acquire public easements for flood control district purposes. Among the defendant landowners were William and Annie Ford, from whom the District sought to acquire certain rights in property designated as Pine Creek Parcel Number 1. This appeal is taken by the plaintiff District from the interlocutory judgment in condemnation awarding defendants Ford $17,830 as compensation for the taking.

In the course of the trial, which was had before the court sitting without a jury, both plaintiff and defendants Ford introduced expert testimony bearing on the value to be placed on the property taken and the highest and best use to which the defendants' property could be put. Considerable conflict appeared in the testimony as to the highest and best use for defendants' property. There was also a wide disparity between the compensation awards recommended by the various experts. A plaintiff's expert placed a total value of $2,050 on all the property taken, including both the easements and the portion taken in fee. A defendants' witness, on the other hand, recommended an overall award of some $33,000.

At the conclusion of the trial, the trial judge informed both parties that he intended to take a view of the property and also intended to appoint an independent appraiser to assist the court in an advisory capacity. Neither party expressed any

objection to this procedure. Robert Foley was thereupon appointed by the court as an independent appraiser, and his report recommending a total compensation award of $17,830 was filed with the court on February 12, 1960. On February 17, 1960, a memorandum of decision was filed by the trial court, wherein the trial court set forth a breakdown of its contemplated condemnation award, the figures being identical to those recommended in the Foley report.

Defendants then moved to reopen the cause after submission in order that the evidence of Mr. Foley could be received in open court and also in order that further evidence could be received on the issue of special benefits. Plaintiff opposed the granting of this motion, alleging that special benefits had not been considered an issue during the trial and had been injected into the case for the first time in Mr. Foley's report. The trial court granted the reopening for the limited purpose of cross-examining the court-appointed appraiser and introducing certain correspondence which purportedly related to the issue of special benefits.

On April 6, 1960, the further hearing was held and both parties examined Foley. The court at this time denied defendants' motion to admit into evidence the additional evidence bearing on the issue of special benefits.

Following the hearing, the trial court filed a new memorandum of decision which was identical with the first. The figures therein contained were subsequently incorporated into the court's findings of fact and conclusions of law, and interlocutory judgment.

Appellant urges as its sole ground for reversal that the trial court committed prejudicial error in appointing an independent appraiser without allowing the parties to rebut the opinion of the appraiser. Appellant takes the position that the report of Mr. Foley, the court-appointed appraiser, introduced ''entirely new issues'' concerning severance damage and special benefits into the case. Appellant argues that it should have been permitted to introduce evidence on these issues and that the trial court, by denying this right, deprived it of a fair trial.

Severance damage and special benefit manifestly are far from ''new'' issues in the case at bar. Respondents, in their answer, specifically alleged severance damage and, in addition, denied that their property had been specially benefited in any way. Furthermore, respondents' appraisal expert, Hamlin,

testified at the trial that a portion of respondents' remaining property had, in his opinion, suffered severance damage amounting to several thousand dollars. Experts also testified that no permanent improvements could be put in within the area of the flood easement; that the new access road to a portion of the property would be inferior to the old road; and that the appearance of the canyon was radically altered by the scarification caused by the dam construction.

The record shows that appellant had ample opportunity at the trial to introduce evidence of any special benefit which it desired to offset against the severance damage which respondents alleged had occurred. Merely because the Foley report contained a higher estimate of severance damage than appellant had anticipated, it does not necessarily follow that the trial judge abused his discretion in refusing to allow appellant to introduce new evidence on the issue of special benefit.

 Code of Civil Procedure, section 1871, provides that any court may, on its own motion, appoint one or more experts to investigate and testify at the trial where it appears to the court that expert evidence is required. Appellant argues, however, that said code section also provides that "[n]othing contained in this section shall be deemed or construed so as to prevent any party to any action or proceeding from producing other expert evidence. . . ." Appellant was given ample opportunity to do so in the case at bar. During the course of the trial, two appraisal experts testified as witnesses for appellant. Certainly the mere fact that an independent expert was appointed by the court does not automatically entitle appellant to introduce further expert testimony. We call to counsel's attention the further provision of said section that "[t]he court or judge may at any time before the trial or during the trial, limit the number of expert witnesses to be called by any party." The court in the instant case undoubtedly felt that appellant had already presented a sufficient amount of expert testimony and that no new facts would be uncovered were appellant allowed to introduce additional experts. The trial court acted within its power in refusing to allow appellant to present additional expert testimony.

 Appellant argues that the reopening for cross-examination of the court-appointed appraiser came too late to protect its rights. It asserts that "the damage had been done" since the court had already received the report of the appraiser and had filed its first memorandum decision. There is

no merit to this contention. ■ A memorandum decision clearly has no binding effect whatever upon the judge issuing it, but serves merely to indicate how the court intends to render its judgment or order. (See *Carpenter* v. *Golden State Securities Co.* (1939), 31 Cal.App.2d 494 [88 P.2d 194].)

■ It is to be presumed that the trial court in the instant case gave fair and impartial consideration to the testimony presented at the reopening. The mere fact that the trial judge's apparent intent to base his decision on the Foley report remained unaltered after the independent appraiser had been cross-examined by both parties is no indication that the trial judge did not keep an open mind during the continued hearing. The fact that the trial judge in the case at bar granted the reopening would indicate that his mind was open to change and that he would have altered his decision had cross-examination discredited Mr. Foley's testimony.

■ Appellant next contends that it was deprived of a fair trial because the court considered extrajudicial material in arriving at its decision. It is apparently appellant's position that the trial court was not entitled to consider Mr. Foley's report without first introducing it into evidence at the trial, and that the subsequent reopening to allow cross-examination of the independent appraiser did not cure this error.

This contention is untenable for the trial judge clearly informed counsel for both parties that he intended to appoint an independent appraiser to assist the court in arriving at a fair value for the property. Since both parties had rested their case, and the matter had been submitted, it must have been apparent to both parties that the trial judge intended to consider the appraiser's report out of court and that he did not intend to introduce it formally into evidence at the trial. Since neither party made any objection to this contemplated procedure, the trial judge was justified in considering this to be in the nature of a stipulation. Assuming, however, that the trial judge was not entitled to consider out-of-court evidence in arriving at his decision, any error was cured by the reopening to allow cross-examination.

Appellant relies on the cases of *In re Estate of Man Wo Chan* (1890), 87 Cal. 155 [25 P. 271], and *Citizens State Bank* v. *Castro* (1930), 105 Cal.App. 284 [287 P. 559]. In the Man Wo Chan case, the court considered facts which had not occurred at the trial in making its decision. No attempt

was ever made to introduce the evidence at the trial or to give appellant any opportunity "to object, or to disprove or explain them." (P. 157 [87 Cal.].) In the Castro case, the trial court appointed an independent handwriting expert at the conclusion of the trial and continued the case in order that the parties could cross-examine the expert and introduce rebuttal evidence. The appellate court, in upholding the judgment, pointed out that appellant's right to a fair trial had been fully protected, since he had both an opportunity to cross-examine and to introduce rebuttal evidence. Even if it be assumed that an opportunity to introduce rebuttal evidence was necessary to guarantee a fair trial in the Castro case, it would seem clear that the facts of the instant case are clearly distinguishable in this regard. In the Castro case, the issue of the genuineness of the signature had been raised for the first time by the trial judge at the conclusion of the trial. In the case at bar, as was pointed out above, the report of the independent appraiser raised no new issues. In addition, Code of Civil Procedure, section 1871, specifically authorizes the court to limit the number of expert witnesses which a party can produce. In the instant case appellant was not deprived of a fair trial merely because he was not allowed to present rebuttal evidence at the continued hearing. Since the Foley report had been on file with the court since February 12, 1960, and the reopening was not until April 6, 1960, appellant had ample time in which to analyze the report so that he could properly cross-examine the appraiser as to any items that appeared questionable.

Appellant now urges, however, that if this court will examine the Foley report it will be apparent that the report is "meaningless" because no facts in support of the appraiser's opinion concerning severance damages or special benefits appear anywhere in the report. This point should properly have been raised at the reopening. However, we have examined the report and consider appellant's contention without merit.

Appellant's right to a fair trial was fully protected.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.